## Miller *v.* Wilkes-Barre Gas Company, Appellant.

*Gas companies — Liability of tenant for former tenant's gas bill — Notice.*

A gas company chartered for the purpose of supplying with gas a municipality and such individuals residing therein as might desire gas, and having the right of eminent domain, is bound to supply gas to any resident of the municipality, and it cannot refuse such a supply to a tenant because of a refusal of the latter to pay a former tenant's gas bill, if it appears that the tenant before going into possession had no actual notice that he would be required to pay such bill, and was not affected with constructive notice by any resolution or by-law of the company to that effect.

*Gas companies—Refusal to supply gas—Damages—Measure of damages.*

In an action by a saloon keeper against a gas company to recover damages for the refusal of the defendant to furnish gas to plaintiff, it is error for the court to permit the jury to include in its verdict a recovery for loss of profits where the plaintiff has produced no books of account, bills, vouchers, or any written or parol evidence of his profits before he was deprived of gas, and of his profits thereafter, and nothing is produced to the jury upon which they could base any inference that there had been any loss of profits.

Argued April 14, 1903. Appeal, No. 83, Jan. T., 1903, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1897, No. 552, on verdict for plaintiff in case of Willian H. Miller v. Wilkes-Barre Gas Company. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Trespass to recover damages for refusing to supply plaintiff with gas. Before WHEATON, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were (10) answer to defendant's tenth point quoted in the opinion of the Supreme Court; (11) refusal of binding instructions for defendant.

*Henry A. Fuller,* for appellant.—The gas company is under no compulsory obligation to supply gas except to such customers

as it may choose : McCune v. Norwich City Gas Co., 30 Conn. 521; Harvey v. Thomas, 10 Watts, 63; Pocopson Road, 16 Pa. 15.

Even if defendant had no such right, recovery should have been restricted to nominal damages at most.

The evidence relative to profits was not only inadequate but also incompetent : McKnight v. Ratcliff, 44 Pa. 156; Railway Co. v. Lauderbach, 4 Penny. 406; Goodhart v. Penna. Railroad Co., 177 Pa. 1.

*James L. Lenahan,* with him *William Goeckel,* for appellee.— It is the legal duty of the defendant, within the limits of its manufacture and production of gas, upon the line of its mains, and within the limits to which the same extend, to supply gas to a resident of the city for illuminating purposes, who desires the same, who is ready and willing to pay for it, and to comply with all reasonable rules of the company : Stern v. Gas Co., 2 Luzerne Leg. Reg. 449; Hoehle v. Allegheny Heating Co., 5 Pa. Superior Ct. 21.

The plaintiff, if entitled to a verdict, should have such damages as would compensate him for the pecuniary loss, and also for the inconvenience and annoyance experienced by him in his mercantile business, arising out of the defendant's refusal to furnish gas to the plaintiff : Shepard v. Milwaukee Gas Light Co., 15 Wis. 318; Coy v. Indianapolis Gas Co., 146 Ind. 655 (46 N. E. Repr. 17); Rogers v. Bemus, 69 Pa. 432; Crozer v. New Chester Water Co., 148 Pa. 130; Spigelmoyer v. Walter, 3 W. & S. 540; Penna. R. R. Co. v. Dale, 76 Pa. 47.

OPINION BY MR. JUSTICE DEAN, May 18, 1903 :

In November, 1896, Miller, the plaintiff, became tenant of a house and lot in Wilkes-Barre, known as Farr's Hotel. When he took possession the former tenant, when he left the premises, was in arrears on his gas bills to the amount of $15.73, which had been furnished by this defendant company; plaintiff himself during his occupancy in the month of November had incurred an additional bill of $9.02. He was willing to pay and offered to pay his own bill, but refused to pay the arrears of the tenant who preceded him. The defendant refused the offer

and notified Miller unless he paid the whole bill his meter would be taken out.   Soon after defendant's agent went to the hotel and again demanded payment of the whole bill; the plaintiff again offered to pay his own bill, $9.02, and tendered therefor a $10.00 gold coin, but refused to pay the bill of the former tenant.   The tender was refused; defendant then took out the meter which was its property.   For eleven months plaintiff was without gas and used for illuminating purposes oil lamps.   He then brought this suit against defendant for damages.   In his statement he averred that: 1. Defendant was a corporation, chartered under the general act of April 20, 1854, for the purpose of supplying the public of the borough of Wilkes-Barre and such individuals residing therein as might desire the same, with gas, and under its charter for many years supplied the hotel occupied by plaintiff with gas for lighting purposes.   2. That in the month of December, 1896, without any legal cause or justification, the defendant removed from the hotel the gas meter theretofore placed therein, thereby depriving plaintiff of the use of the gas light and damaging him in the amount of $3,000.   The defendant pleaded the general issue and the case came on for trial.

The defense was : 1. Defendant had a right to remove the meter because its charter imposed no obligation upon it to furnish gas to any particular individual, to whom it did not choose to furnish it.   2. It had a right to remove the meter in default of payment by the prior tenant.   3. Plaintiff had adduced no sufficient proof of any loss sustained by removal of the meter. 4. Plaintiff, on the evidence, is not entitled to recover for loss of profits in his business as damages for the removal of the meter.

There were other assignments of error, altogether thirteen in number, but as concerns this appeal the discussion of them can be embraced under these four heads.

As to the charter obligations of defendant, its duty to the public and to members of that public is so fully discussed in opinion by Judge RICE, Stern v. Wilkes-Barre Gas Company, 2 Kulp, 449, that it would be a mere repetition of his views for us to again go over that ground.   He discusses in his opinion the obligations of this very charter and demonstrates clearly the result of his conclusions thus :

"When, therefore, the respondent was incorporated for the express purpose of supplying gas to the city, and such individuals residing therein as might desire the same, and for this purpose was given the right of eminent domain, we conclude that the legislature had a public purpose in view beyond, but not inconsistent with the respondent's gain and profit; and that from the nature of the declared purpose for which it was created, taken together with, and explained by, the nature of the extraordinary privileges, which were granted to carry out that purpose, a legal duty is implied; and further that a resident of the city, coming within the conditions of the question stated at the outset, has a right such as can be enforced by mandamus."

Therefore, defendant not only had the power under its charter to supply gas to the public, it also took on itself the obligation to supply it to the general public, and also, in the words of its charter, to supply it "to such individuals residing therein (that is in the borough), and in the immediate vicinity as may desire a supply of the same." The defendant was bound to supply the plaintiff with gas if he desired the same. That he did desire it cannot be questioned; that defendant refused to supply it cannot be questioned.

Can the refusal be justified on the second ground of defense? The prior occupant of the same premises owed $15.75 and defendant demanded that this amount be also paid or the meter should be taken out; plaintiff absolutely refused to pay this amount. That a municipality or corporation furnishing water or gas may by ordinance or by-laws make reasonable rules and regulations to insure the payment of bills, among others, that of stopping the supply unless all arrearages are paid, whether owing by the tenant in possession or his predecessors, has been settled: Girard Life Insurance Co. v. Philadelphia, 88 Pa. 393; Brumms's Appeal, 22 W. N. C. 137. But there must be notice to, or knowledge of the incoming tenant of such rule. In case of a municipality the regulation must be by ordinance; of this all have actual or constructive notice. In case of a quasi public corporation such as this defendant, the regulation ought to be by resolution or by-law or at least by actual notice. The incoming tenant must somewhere be able to find out before he enters upon possession his liability. If by merely entering into possession

he assumes payment of another man's debts, he should have that knowledge or the means of it. In the case before us there was no evidence of such rule on part of this company; the first notice plaintiff had that he was held answerable for the former tenant's bill was the demand upon him for it when he offered to pay his own bill. This was not sufficient to charge him. Therefore, we hold, that on the undisputed facts in this case the demand for the back bills at that late date was illegal.

The next question raised by the assignments is as to the sufficiency of the proof of damages. The period that might be covered by the evidence is from December 26, 1896, when the meter was removed, to November 17, 1897, when this suit was brought, about eleven months. The verdict was for $2,500 or about $7.00 per day damages. There was nothing in the case calling for punitive damages; plaintiff could only claim to be made whole. What in money had he actually lost by the wrongful act of defendants, he was entitled to no purely speculative profits. Plaintiff's evidence on this question seems to us somewhat vague, nor is the charge of the court so clear as to guard the jury from guessing at what ought to have been made reasonably certain. Nor does the learned judge himself seem very sure of his ground, for in his opinion on the motion for a new trial he says: "I was not satisfied at the trial nor am I now satisfied that the plaintiff's proof of the amount of damage sustained by him was clear and satisfactory as from the nature of the case ought to have been adduced." In the charge he submitted the evidence to the jury, saying to them: "If you should decide that plaintiff is entitled to recover in this case, the thing which has bothered me most as you evidently have noticed, is the question whether plaintiff has shown such clear specification of damage sustained by him on account of the turning off of his gas as under the law would warrant me in submitting the question to you." The court, it seems, might well have been in doubt as to its duty in this particular. The plaintiff himself testified that the greater part of his profits accrued from sales of liquor at the bar; the substitution of lamps for gas burners would only change the kind of light; the customer would not necessarily be deterred from taking his drink because he must now swallow by the light of an oil lamp, whereas he formerly took it by the light of a gas jet.

We understand, that he might not be able to fix with exactness his loss, but if he could not adduce evidence, that would warrant a jury in fixing it to a reasonable certainty, that is his misfortune; it is no reason why a jury should be permitted to guess at the amount. He testifies, that while he burned gas his gross receipts except on Saturdays were $20.00 to $22.00 per day, and on Saturdays $65.00; that by lamp light they were about half this; that the profit was sixty per cent; from what he says, obviously, this was a guess on his part; for he says he kept no book whatever; that he never put down his receipts or expenses; that he kept no bank account; that he put in his pocket whatever money came in; did not keep a bank account; he could not tell the exact amount taken in any one day of the eleven months or in the month before the meter was taken out. Surely this was not the best evidence he might as a prudent man have had, for he knew immediately after the meter was taken out he would claim damages; he could, then with some reasonable certainty have proven the receipts for the first month and his daily accounts would have shown what they were afterwards. Although he knew he would claim that defendant should pay to him a large amount of money he took no means whatever to preserve evidence to show the justice of his claim. He practically guesses at his receipts, expenses and profits and this is all the testimony there was on the subject. Surely he bought his liquors from wholesalers and paid for them; their books would show what he bought the month before the meter was removed and what the succeeding eleven months; deducting what he had on hand at the end of that period would show his sales; no evidence of this kind was offered. Another significant fact is, that he agreed to pay rent for the premises at the rate of $360 per year when the meter was in; after it was taken out he rented the next year at the rate of $480. This does not indicate a loss of custom.

We think there was no sufficient evidence to warrant the jury in assessing plaintiff's supposed loss of profits as damages and that when the learned judge instructed the jury that they might find for plaintiff on the evidence all damages which he had proven " in a clear and satisfactory way" was error; for he had not proven in a satisfactory way any loss of profits;

his evidence on that point was wholly insufficient and for that reason the judgment is reversed.

We will not say that he is entitled to only nominal damages. If his expenses for lighting by lamps was greater, or his payment for services increased, his damages may be more than nominal, but they are not more by any sufficient evidence of loss of profits.

The tenth assignment of error is sustained; it is as follows : "10. The court is requested to instruct the jury: the plaintiff is not entitled to recover for loss of profits in his business. *Answer :* Refused." This should have been affirmed; the judgment is reversed and a venire facias de novo awarded.