## Tussey *v.* Clark, Appellant.

*Equity—Equity practice—Entering judgment for want of an answer—Judgment pro confesso—Equity rules.*

1. Where the defendant in a bill in equity has failed to file an answer within the time prescribed by the equity rules, a judgment cannot be entered against him for want of an answer, but the bill may be taken pro confesso and the cause be proceeded in ex parte in the manner provided by equity rule 30.

*Equity—Injunction—Preliminary injunction—Mandatory injunction—Attachment—Contempt—Road law.*

2. On a bill in equity against the supervisors and roadmaster of a township for an injunction to restrain them from constructing a ditch along a public highway, so as to cause water to flow on the plaintiff's land, the court cannot, after having granted a preliminary restraining injunction, grant a preliminary mandatory injunction, without any hearing, by which it appoints a commissioner to repair the road at the point complained of at the cost of one of the defendants.

3. *Doubted,* whether under the Act of June 13, 1836, P. L. 551, and its supplements, a court of equity has any jurisdiction to interfere with the discretion given to township supervisors to maintain and repair public highways unless such discretion has been manifestly abused.

Argued Oct. 26, 1910. Appeals, No. 182, Oct. T., 1910, by defendant, from decree of C. P. Blair Co., Equity No. 697, Equity Docket "D," awarding mandatory injunction and attachment for contempt in case of Samuel C. Tussey v. I. M. Clark, Albert Smith and John Henry, Supervisors of Blair Township, and Amos Birch, Roadmaster. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Bill in equity for an injunction.    Before SHULL, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were the decrees quoted in full in the opinion of the Superior Court.

*R. A. Henderson,* for appellant.—This judgment was a mere nullity: Reinbold v. Laufer, 6 Northampton Co. Rep. 351; More v. Court Olympia, 6 North. Co. Rep. 22; Jeanes's App., 116 Pa. 573; Morgan's App., 125 Pa. 561; Dyer's App., 107 Pa. 446.

When those enjoined by a decree in equity are charged with having violated it, its violation must be made to clearly and satisfactorily appear by the petitioner asking for its enforcement: Sullivan v. Jones & Laughlin Steel Co., 222 Pa. 72; Privett v. Pressley, 62 Ind. 491; Rilelay v. Whitcher, 18 Ind. 458; Moore v. Smith, 70 N. Y. App. Div. 614 (74 N. Y. Supp. 1089).

There was no appearance or printed brief filed for appellee.

OPINION BY HENDERSON, J., March 3, 1911:

The plaintiff, on June 17, 1909, filed a bill in equity against the defendants, three of whom were supervisors and the fourth, a roadmaster of the township, praying for an injunction to restrain the defendants from constructing a ditch along a public highway in the township in such a way as to cause the water flowing along the said ditch to be discharged onto the meadow land of the plaintiff at a place where it had not theretofore flowed.    The prayers of the bill were (1) "that the defendants be enjoined and restrained from completing the construction of the ditch or water courses on the southeast side of the road leading from Hollidaysburg to Leamersville, where the lands of the plaintiff abut thereon;" and (2) "that the defendant be required to fill up that portion

of the ditch which has already been made on the southeast side of the road by lands of the plaintiff, and the water be permitted to flow in its natural courses." On the same day the usual ex parte injunction was granted and on June 21, 1909, the injunction was continued until final hearing. The bill having been duly served and no answer having been filed within the time prescribed in the equity rule the solicitor for the plaintiff caused a judgment to be entered by the prothonotary against the defendants and in favor of the plaintiff by reason of the failure of defendants to file an answer to plaintiff's bill of complaint. On November 22, 1909, the plaintiff presented a petition to the court alleging that the defendants had violated the preliminary injunction, whereupon a rule was granted to show cause why they should not be attached for contempt. Two of the defendants, Smith and Henry, filed answers on December 9, 1909, denying the allegation that they had in any way disregarded the injunction. On December 20, 1909, the court entered the following decree in the case: "Now, December 20, 1909, it is hereby ordered, adjudged and decreed that J. Luden Henry, is hereby appointed to repair the road at the point in question by lands of S. C. Tussey, in such way that the water will flow in the way it was wont to flow prior to filing the bill of the plaintiff in the above proceeding. The said work to be done under Mr. Henry's supervision, and at the cost of Albert M. Smith, one of the defendants." Under the authority of this decree the court's appointee proceeded with the repair of the road and on May 19, 1910, presented his petition to the court setting forth that he was directed and instructed by the presiding judge of the court of common pleas "to construct a culvert on the public road leading from Hollidaysburg to Leamersville;" that the expense incident to the work was to be paid by Albert M. Smith; that the work was performed as directed by the court; that the cost thereof was $131.42 and praying for an order commanding the said Smith to pay to the petitioner the said amount. Of this amount,

$55.20 is charged for twenty-four feet of thirty inch culvert pipe; $35.52 is the expense of "installing the culvert, fixing roads, guards," etc., and $40.50 is charged by the petitioner for his services in superintending the work. On the same day the court made an order directing Smith to pay to the petitioner (J. Luden Henry) $131.42. To this order Smith took an exception May 21, 1910, and the same day moved the court to rescind the order of May 19, 1910, which petition was refused on July 14, 1910, and an order entered that "if said sum is not paid by said Albert M. Smith then the sheriff is directed to produce the body of Albert M. Smith before the court on Wednesday, 27th of July, 1910, at 10 o'clock a. m. to submit to the further order of the court;" and thereafter this appeal was taken. It is not now necessary to consider the question whether the court sitting as a chancellor had jurisdiction to enjoin the defendants on the averments set forth in the bill. Under the act of June 13, 1836, P. L. 551, and its supplements, the duty is imposed on the township supervisors to maintain and repair public highways. The manner in which that duty shall be discharged is necessarily one involving the exercise of discretion by the supervisors. They have exclusive control of the subject, and courts of equity have no jurisdiction to supervise their action unless in cases of clear abuse of discretion. The bill contains no averment of facts nor conclusion of opinion that the construction of the ditch along the public highway which was undertaken by the supervisors was an abuse of the discretion which the law clearly committed to them. Nor does it contain an averment that that which was proposed to be done was outside of the authority conferred by the thirty-second section of the act of 1836 which gives to the supervisors power and authority to enter upon land along the highway "and cut, open, maintain and repair all such drains or ditches through the same as they shall judge necessary to carry the water from the said roads." It is a matter worthy of consideration, therefore, whether the case as presented by the bill

could be sustained. The complaint of the appellant, however, relates to matters subsequent to the filing of the bill and the granting of the preliminary injunction, and particularly to the order of the court of December 20, 1909, directing J. Luden Henry to repair the road and imposing the costs of that proceeding on the appellant. The report of this commissioner, if he may be so called, indicates that he received instructions which are not included in the order referred to, for in his report to the court he recites that he was directed and instructed to construct a culvert on the public road. The evidence taken on the rule to vacate the order shows that there was no culvert in the road at the place where the new culvert was placed and never had been and it is evident from the same testimony that Mr. Henry adopted a plan and provided the means of reconstruction of the highway in accordance with his ideas of what ought to be done at the location. The order referred to was clearly a mandatory order and issued without any sort of authority on the state of the record then existing. It was apparently issued on the return of the rule for an attachment for contempt but was not germane to that inquiry nor called for by any exigency of the case then existing. The preliminary injunction theretofore granted did nothing more than stay the hands of the defendants and stop the work in which they were engaged on the highway. It was in no sense a mandatory injunction. The object of a preliminary injunction is to preserve the existing status until the merits of the controversy can be determined after a hearing. The decision was in Farmers' R. R. Co. v. Reno, etc., Ry. Co., 53 Pa. 224, that the sole object of a preliminary injunction "is to preserve the subject of the controversy in the condition in which it is when the order is made." In Mammoth Vein Coal Co.'s Appeal, 54 Pa. 183, the court said: "It ought not to be forgotten that a preliminary injunction is a restrictive or prohibitive process designed to compel the party against whom it is granted to maintain his status merely until the matters in dispute

shall by due process of the courts be determined." The decision was to the same effect in Audenried v. Phila. & Reading R. R. Co., 68 Pa. 370, and was reaffirmed in Fredericks et al. v. Huber et al., 180 Pa. 572. In Washington University v. Green, 1 Md. Ch. 97, it was declared that a preliminary injunction could only be used for the purpose of prevention and protection and not for the purpose of commanding the defendant to undo anything which he had previously done. The same view was taken in the New York Printing & Dyeing Establishment v. Fitch, 1 Paige, 97; Attorney-General v. New Jersey R. R. Co., N. J. Eq., 3, 136. There are exceptions which the courts have felt compelled to make growing out of what was referred to in Cooke v. Boynton, 135 Pa. 102, as "a race against the law;" and also where the status has been changed by deceit or fraud as in Taylor v. Sauer, 40 Pa. Superior Ct. 229. These are cases where for the purpose of acquiring an unequitable advantage in anticipation of legal interference the status has been unjustly changed to the advantage of the defendant in the equity proceeding, but such cases are exceptional and only support a mandatory writ when the right is clear and where irreparable injury is likely to result or where the status quo should be restored to prevent the defendant from taking advantage of his dishonest conduct. The case before us does not present any features which would justify the granting of a mandatory preliminary injunction. It is not alleged in the bill that the plaintiff has sustained any injury; the damage is anticipated only; the ditch was not completed at the time the bill was filed; water had not passed through it onto the plaintiff's land nor so far as appears could it so flow until the work was finished, and all that the plaintiff was then entitled to at the utmost was the order preventing the completion of the plan. Much less was there any warrant for imposing on the appellant the cost of the work directed to be done. He had not been adjudged guilty of contempt nor had he been convicted by the decree of the court on a hearing

on the bill of having done anything which he was not empowered to do in co-operation with his associate supervisors in the improvement of the road. He was amerced in the cost of an alleged improvement of the road without a hearing on the subject, without any plan as to the repairs contemplated and without limitation as to cost. He has been adjudged liable to imprisonment for his refusal to pay a considerable sum for an iron pipe laid across the road as a conduit for the flow of water, an expense clearly to be borne by the township so far as can be determined from anything appearing in the case, and to pay for the services of one appointed to assume the functions of the board of supervisors of the township in repairing the road. If in the judgment of the court the supervisors proceeded with the construction of the ditch after they had been enjoined it was of course within the power of the court to consider the subject of contempt and to adjudge the respondents to be in default, but that is a high power to be exercised only on clear evidence and expressed by a judgment. To take from the appellant the money which he has been ordered to pay to J. Luden Henry would deprive him of his property without due process of law. It may be that the defendants have not duly regarded the rights of the plaintiff, but the evidence is not before us and we will not anticipate on that subject. They are entitled, however, to a hearing according to the forms of law before they are adjudged to be liable.

Exception is taken to the action of the court in refusing to vacate the judgment by default entered by the prothonotary on November 18, 1909. This record was inadvertently made. Rule 29 of the equity rules provides that on failure to answer or demur within thirty days after service of notice of a rule so to do the plaintiff may enter an order as of course in the cause, that the bill may be taken pro confesso in which case, as also where the bill is taken pro confesso for want of an appearance, the cause shall be proceeded in ex parte, and the case may be put upon the next argument list and the matter of the bill may be

decreed by the court when there reached in its order. And rule 30 provides that when the bill is taken pro confesso and the court shall have proceeded to a decree as aforesaid, such decree so rendered shall be deemed absolute unless the court or a law judge thereof shall within fourteen days after the service of notice of such decree on the defendant set aside the same, etc. The conclusion of the litigation is the decree. The effect of the order filed that the bill be taken pro confesso is that the cause shall be proceeded in ex parte. The entry of judgment was without authority under the rule and should have been set aside to the end that the procedure prescribed by the equity rules might be followed. It is unnecessary to consider the assignments relating to the refusal of the court to hear testimony in support of the petition of the appellant filed May 23, 1910, asking that the order of December 20, 1909, be vacated, as we have disposed of the case on other grounds. The first, second and third assignments of error are sustained, the order of December 20, 1909, the order of May 19, 1910, and the order of July 14, 1910, imposing upon the appellant payment of the bill of J. Luden Henry for work done in repair of the public highway and the judgment entered against the defendants November 18, 1909, are reversed and set aside, one-half of the costs of this appeal to be paid by the plaintiff and one-half by J. Luden Henry.