# Rochester Building & Loan Assn. *v.* Beaver Valley Water Co., Appellant.

*Corporations—Water companies — Rules and regulations — Cutting off service—Notice—Subsequent purchaser—Mandatory preliminary injunction—Public Service Commission—Equity.*

A purchaser at a sheriff's sale of property from which the water

service had been cut off by the water company upon the former owner's default in paying the water rent, is not entitled to a mandatory preliminary injunction to compel a renewal of the water service, where it appears that the cutting off of the service was in pursuance of a rule or regulation of the company, and that the rules and regulations of the company had been posted in compliance with the Public Service Act.

A municipality or a corporation furnishing water or gas may by ordinance or by-laws make reasonable rules and regulations to assure the payment of bills, among others, that of stopping the supply unless all arrearages are paid, whether owing by the tenant in possession or his predecessors; but they cannot refuse to supply water because of a former owner's delinquent water rent, unless it appears that the resident had notice that he would be required to pay such bill.

The reasonableness of a rule or regulation of a water company requiring a purchaser of a property to pay a former owner's delinquent water rent before water service is renewed, is a matter purely for the Public Service Commission.

Argued April 18, 1917.     Appeal, No. 177, April T., 1917, by defendant, from decree of C. P. Beaver Co., March T., 1917, No. 5, awarding an injunction in case of Rochester Building and Loan Association v. Beaver Valley Water Company.     Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ.     Reversed.

Bill in equity for an injunction.     Before Baldwin, P. J.

From the record it appeared that on December 9, 1916, plaintiff purchased at sheriff's sale a property owned by Frank E. Mathews, from which the water service had been cut off because of failure of Mathews to pay a delinquent water rent amounting to $41.     Plaintiff requested a renewal of the service, and tendered to the water company the service connection charge of $1, and offered to enter into the usual contract.     The company refused to make the connection until the delinquent water rent was paid.     On January 23, 1917, the court entered a mandatory preliminary injunction requiring

renewal of the water service. Other facts appear by the opinion of the Superior Court.

*Error assigned* was decree refusing to dissolve the preliminary injunction.

*G. K. Wright* and *W. A. McConnel,* with them *McKee, Mitchell & Alter,* for appellant.—No equity court has jurisdiction to grant a mandatory preliminary injunction, as an injunction requiring affirmative action can be granted only after final hearing, and then only in rare cases when irreparable injury would otherwise be committed, and the plaintiff has no adequate remedy at law: Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114; Audenried v. Philadelphia & Reading R. R. Co., 68 Pa. 370; Fredericks v. Huber, 180 Pa. 572; Cooke v. Boyton, 135 Pa. 102.

*Lawrence M. Sebring,* for appellee.

OPINION BY KEPHART, J., July 13, 1917:

This is an appeal from the order of the court below directing a mandatory preliminary injunction to issue requiring the appellant to renew its water service to the property purchased by the appellee at sheriff's sale. This service was discontinued, upon the former owner's default in paying the water rent, before the property was sold by the sheriff. The appellee tendered the service connection charge of $1, and offered to enter into a contract, in the usual form, with the appellant, but these offers were refused, because the appellee declined to pay the delinquent water rent. The demand for payment of delinquent rent was made pursuant to a rule or regulation of the company. A petition was then filed by the appellee with the Public Service Commission asking that the appellant be compelled to reëstablish this service. Before the case was disposed of by the commission, or within a week after it was presented, this bill was filed.

It is well settled that in the clearest cases, and so far as is necessary to restore the status quo, that is, the state of things existing immediately before any difficulty between the parties arose, a preliminary injunction may be made mandatory: Taylor v. Sauer, 40 Pa. Superior Ct. 229; Tussey v. Clark, 45 Pa. Superior Ct. 433; Leisenring v. Penna. Lighting Co., 59 Pa. Superior Ct. 202. In determining this status quo between the parties, it may be well to consider the legal relation between the appellant and the public that it serves. "A municipality or a corporation, furnishing water or gas may by ordinance or by-laws make reasonable rules and regulations to assure the payment of bills, among others, that of stopping the supply unless all arrearages are paid, whether owing by the tenant in possession or his predecessors: Girard Life Insurance Co. v. Philadelphia, 88 Pa. 393"; Miller v. Wilkes-Barre Gas Co., 206 Pa. 254. But companies having the right of eminent domain are bound to supply water to residents of the municipality, and cannot refuse to supply such residents because they refuse to pay a former owner's delinquent water rent, unless it appears that they had notice that they would be required to pay such bill: Miller v. Gas Co., supra. When this property was purchased, the intending purchaser had means of knowing that the water had been turned off, and with a little investigation he would have ascertained the reason for such action. The appellant had done all it was required to do to bring home to all persons interested notice that the water service had been discontinued. The Public Service Act requires these companies to post all their rates, schedules, rules and regulations conspicuously at their places of business. The public affected thereby must be presumed to have notice of the contents of such schedules, rules and regulations, posted and published as directed. There is nothing in the bill asserting that this company had not complied with the law, and that it did is evidenced by the fact that this regulation is now assailed before the Public Service Commission.

This being our view of the case, upon the undisputed facts, no circumstances are presented that would support the granting of a mandatory injunction. · The water having been turned off before the appellant became the owner, pursuant to a rule or regulation of which the appellant had notice, the status quo, as it existed when it became the owner, brought with it all these incidents. The court was without power then to make an order reëstablishing the condition that had existed before the appellee had any title to the property. It is necessary, however, to consider the second proposition which must determine the court's action.

The appellant urges that the jurisdiction heretofore conferred on the several courts, to determine the matters raised by this bill, was placed within the exclusive control of the Public Service Commission by the Act of July 26, 1913, P. L. 1374, known as the Public Service Act. This act, in so far as it attempts to regulate and control public service companies, places the determination of all such matters exclusively in this commission; but the jurisdiction of the several courts of this Commonwealth is not supplanted where the Public Service Act does not give relief or supply a remedy to secure a right infringed upon. Section 6 of Article VI provides that "any person......complaining of anything done or about to be done, omitted or about to be omitted, by any public service company, in violation of any of the requirements or provisions of this act, or of any lawful determination, ruling, or order of the commission, may apply to the commission by petition, duly verified by the affidavit of the complainant, which shall contain a concise statement of all the material facts upon which the complaint is founded." Under this section a party aggrieved may place his complaint before the commission. In our case the complaint was as to the unreasonableness of a rule or regulation. Section 1, Article II, (d), requires all rules and regulations that in any manner affect the prices, charges, rates, fares, tolls, or other compensation,

to be posted along with the tariffs and schedules. These
rules and regulations are therefore as much a part of the
tariffs and schedules as the prices that are embodied
therein. To shut off the water to enforce the payment of
a bill, and demand payment of a delinquent bill from a
successor in title without a rule or regulation, may be a
direct violation of the act. Section 33 directs what pro-
cedure the commission may take in such cases. Before
the Public Service Act, the reasonableness and applica-
bility of the rules and regulations of water companies
could be considered by the courts, but there is no consti-
tutional direction that such matters should always be de-
termined in those forums. The legislature may restrict
the jurisdiction of the courts and create a new tribunal as
an administrative, nonjudicial body, with exclusive
jurisdiction to hear and determine such matters, (see
Com. v. Hopkins, 53 Pa. Superior Ct. 16; West Virginia
Pulp & Paper Co. v. Public Service Commission, 61 Pa.
Superior Ct. 555), provided an appeal to a court of law is
preserved: Relief Electric L. H. & P. Co.'s Petition, 63
Pa. Superior Ct. 1. "The power to regulate and control
belongs to the legislature, and by it may be delegated to a
commission: Stanislaus County v. San Joaquin, 192 U.
S. 201; Railroad Commission Cases, 116 U. S. 307, 336;
Atlantic Coast Line R. R. Co. v. North Carolina Commis-
sion, 206 U. S. 1;" Relief Electric L. H. & P. Co.'s Peti-
tion, supra. It is not necessary to determine the rights of
an individual to ask for a mandatory injunction in aid of
a complaint before the commission, where there has been
an open violation of the Public Service Act. That
question is not before us. We hold that the matter in
controversy concerns the reasonableness of an effective
rule or regulation of a public service company. Such
questions are purely matters for the Public Service Com-
mission, as long as the Act of 1913 is in effect: Bellevue
Borough v. Ohio Valley Water Co., 245 Pa. 114.

The decree of the court below is reversed, and it is
ordered that the mandatory preliminary injunction here-

tofore granted be dissolved, and the court below is directed to enter a decree dismissing the bill. Appellee for costs.