## Beaver Valley Water Co., Appellant, *v.* Public Service Commission.

*Public Service Commission—Water companies—Regulations—Requirement as to payment of arrearages of rent by former owner.*

The Public Service Commission has authority to determine whether the rules and regulations of utilities companies are reasonable.

The rule of a water company requiring arrearages of water rents for service to a former owner to be paid by a successor in title as a condition precedent to service, is an unreasonable rule and will not be enforced by the Public Service Commission; and especially is this the case where another rule of the company provides that service may be cut off when a customer is in arrears for ten days, and still another rule provides that the company may demand from all such persons, and all persons whose ability to pay may be doubted, deposits or security in advance.

Argued April 29, 1918. Appeal, No. 99, April T., 1918, by plaintiff, from order of Public Service Commission, Complaint Docket, 1917, at c-246, Complaint Docket, 1917, sustaining complaint in case of Beaver Valley Water Company v. Public Service Commission and Rochester Building & Loan Association, Intervenor. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Complaint against the Beaver Valley Water Company to compel the company to turn on the water supply to certain premises. From the record it appeared that prior to December 9, 1916, the supply of water to certain premises was turned off by the Beaver Valley Water Company for failure of the owner thereof to pay the proper charges for water supplied.

On December 9, 1916, the premises were offered for sale by the sheriff of Beaver County. At the said sale

622 BEAVER V. W. CO., Appellant, *v.* PUBLIC SER. COM.

Statement of Facts—Opinion of the Court. [70 Pa. Superior Ct.
the property was purchased by the Rochester Building & Loan Association.

Shortly after the sheriff's sale the Rochester Building & Loan Association applied to have the supply of water turned on to the said premises, and the water company refused to do so until the bill of the former owner thereof was paid, as provided by its rules and regulations.

Complaint was filed with the Public Service Commission to compel the company to turn on the supply of water to the premises, and the water company was ordered so to do by the Public Service Commission, which held that the rule and regulation of the water company governing the matter was unreasonable.

*Error assigned* was the order of the Public Service Commission.

*George E. Alter*, of *McKee, Mitchell & Alter*, for appellant.—The rule was reasonable: Girard Insurance Co. v. Philadelphia, 88 Pa. 393; Com. ex rel. v. Philadelphia, 132 Pa. 288; Brumm's App., 22 W. N. C. 137; Miller v. Wilkes-Barre Gas Co., 206 Pa. 254; Rochester B. & L. Assn. v. Beaver Valley Water Co., 68 Pa. Superior Ct. 122.

The commission did not have the power to make the order appealed from.

*Lawrence M. Sebring*, for appellee.—The rule was unreasonable: Interstate Commerce Commission v. Illinois Cent. R. R. Co., 215 U. S. 452; Interstate Commerce Commission v. Union Pacific R. R., 222 U. S. 541.

*Berne H. Evans*, for Public Service Commission.

OPINION BY KEPHART, J., December 12, 1918:

We have held that the Public Service Commission has authority to determine whether the rules and regulations of utility companies are reasonable. The appel-

lant's rule under consideration would require arrearages of water rents for service to a former owner to be paid by a successor in title as a condition precedent to service. In determining the reasonableness of the rule, consideration must be given, not only to the benefit the company derives from the rule, but the obligation or charge it seeks to enforce on the public that is affected by it. If the rule causes customers to assume the charges of other customers, to which they are not a party, or for which they are in no way responsible, there should be some good reason given to sustain the rule; and if the end sought to be attained by such rule may be secured by other equally effective rules, then the commission should not be charged with unreasonableness if they declare the rule itself to be unreasonable and oppressive. The company, by one of its rules, provides that the service may be cut off when a consumer is in arrears ten days. In another rule, the company may demand from all such persons and all persons whose ability to pay may be doubted, deposits or security in advance. These provisions amply protect the company and when enforced meet the purpose of the rule under consideration. If utility concerns permit their bills to run along without enforcing reasonable requirements and employing ordinary business precaution, they are just as much at fault as the man who refuses to pay the account. Certainly, their dilatoriness should not be visited on the incoming tenant, who did not contract the bill, and should not be required to pay it.

Prior to the Act of 1913, the courts had to some extent considered the question of rules and inferentially, at least, their reasonableness: Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393; Commonwealth ex rel. v. Philadelphia, 132 Pa. 288; Brumm's App., 22 W. N. C. 137; Miller v. Wilkes-Barre Gas Co., 206 Pa. 254; Kohler v. Reitz, 46 Pa. Superior Ct. 350. Whatever may have been the attitude of the courts on these questions prior to the Act of 1913, the question as it is now presented is clearly a matter for the Public Service Commission: Rochester

B. & L. A. v. Beaver V. W. Co., 68 Pa. Superior Ct. 122; Bellevue Boro. v. Ohio Val. W. Co., 245 Pa. 414; Panther Valley Water Company v. Public Service Commission, not yet reported. There is no question that under the Public Service Act the company could make a rule applicable to the payment of their bills for service, and if the rule complained of was the only method that could be adopted to secure payment, the reasonableness of the rule would be clear. The public served is forced to take the utility because the company is the only concern that furnishes it, and the company is compelled to furnish this service to the public. While the rule under discussion does not in effect place a lien on the property, it operates in much the same way, as it deprives the land of a very essential necessity, without which the property would not be rentable, nor would it bring a price in the market commensurate with its true worth. The order of the commission is clearly within its power, and there is nothing in the evidence which would warrant the court's interference.

The order of the commission is affirmed at the cost of the appellant.