# Tyrone Gas and Water Co., Appellant, *v.* The Public Service Commission.

*Public Service Company Law — Public Service Commission — Water companies—Regulations—Failure to pay water rent—Right to shut off water on premises—Refusal to serve subsequent occupant of premises.*

An order of the Public Service Commission requiring a water company to furnish water to a new occupant of a dwelling house, even though the former tenant was in arrears for unpaid water rent, is reasonable and in conformity with law.

While there can be no doubt that a public service company has the power to make reasonable regulations with regard to the payment of water rentals and enforce such regulations, nevertheless if it permits its bills to run along without enforcing such reasonable requirements and employing ordinary business precaution, it is just as much at fault as the consumer who refuses to pay the account.   Its dilatoriness should not be visited on the incoming tenant, who did not contract the bill, and should not be required to pay it.   While the company possesses the right to establish its rates or tolls to be exacted as compensation and enforce regulations in regard to the payment thereof, it must exercise due diligence in the enforcement of such requirements, and cannot hold the

incoming tenant responsible for the bills of the former occupant of the premises.

Argued April 20, 1921. Appeal, No. 4, March T., 1921, by Tyrone Gas and Water Company, from order of the Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket No. 3168, on complaint of John B. Beam v. Tyrone Gas and Water Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Complaint before the Public Service Commission seeking an order compelling water company to furnish water.

The facts are stated in the opinion of the Superior Court.

After hearing the commission made an order requiring the company to furnish water to the complainant. Respondent company appealed.

*Error assigned* was the order of the commission.

*Oliver H. Hewit,* and with him *Pascoe & Pascoe,* for appellant.—Rule No. 9 of the regulations of the company providing for the shutting off of water was just and reasonable and should be enforced: Girard Life Insurance Co. v. Phila., 88 Pa. 393; Com. v. Phila., 132 Pa. 288; Miller v. Wilkes-Barre Gas Co., 206 Pa. 254; Brumm's App., 22 W. N. C. 137; Bower v. United Gas Improvement Co., 37 Pa. Superior Ct. 113; Kohler v. Reitz, 46 Pa. Superior Ct. 350; Leisenring v. Pennsylvania Lighting Co., 59 Pa. Superior Ct. 202.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission, appellee, cited: Rochester B. & L. Association v. Beaver Valley Water Company, 68 Pa. Superior Ct. 122; Beaver Valley Water Company v. The Public Service Commission, 70 Pa. Superior Ct. 621; Chace v. Citizens

Water Company, P. U. R. 1916B, 708; Bellevue Boro. v. Ohio Val. W. Co., 245 Pa. 114.

OPINION BY HEAD, J., July 14, 1921:

The water company, appellant, permitted water rentals due from one of its patrons to become in arrears in the sum of $123.48. As the rental he was required to pay was but $16 per year, the period of time during which the arrears had been suffered to accumulate is but a question of calculation. The dwelling house in which the water was consumed was subject to the lien of a mortgage in favor of the building and loan association. A default having occurred, the mortgage was foreclosed and the property sent to sheriff's sale. At the sale public notice was given to the bidders and buyers of the amount of water rent in arrears and of the facts that the water had been shut off and would not be turned on again until these arrears had been paid by the purchaser at the sheriff's sale. The property was bid in by the mortgagee who later on sold it to Beam, the complainant. There is evidence to warrant the finding that Beam was fully apprised of the existing situation and that the mortgagee purchaser promised to him and to the water company as well that it would pay the claim of the company and discharge the arrears. It afterwards declined to do so. The purchaser, desiring to have the water turned on, went to the company and offered to enter into the usual contract and pay the water rental as it would accrue from the date of his purchase. The company declined to accept the offer and thereupon the purchaser filed a complaint before the Public Service Commission seeking an order compelling the water company to furnish water. After a hearing a report was made requiring the water company so to do and this appeal resulted.

There can be no doubt a public service company has the power to make and enforce reasonable regulations with regard to the payment of water rentals, for instance, and enforce such regulations. This power exists

just as fully since the passage of the Public Service Law as it did when the case of Girard Life Insurance Co. v. Phila., 88 Pa. 393, and the cases following it were decided. One at least of the reasons why a public service company must possess such power was thus stated by this court in Bower v. United Gas Co., 37 Pa. Superior Ct. 113: "The city or the present defendant, its lessee, engaging in the business of supplying water or gas to the public, is not in the position of a merchant who may pick and choose his customers, extending credit to those he may consider financially responsible and refusing it to all others." It is expressly recognized in the act creating the Public Service Commission in article III, section 1. So it is unquestioned that a public service company still possesses the right, in the first instance, to establish the rates or tolls that will be exacted as compensation for the public service it is required to render. But the Public Service Act of 1913 wrought many radical changes in the mutual rights and obligations of public service company and patron. When such company desires to put in force a system of rates, those rates, together with all rules and regulations of the company appertaining in any way to them, must be filed with the Public Service Commission, published and posted for a period of thirty days before they can become effective. During that period any one concerned may file a complaint with the Public Service Commission and thus cast upon the public service company the obligation of satisfying the commission that the rates and regulations concerning them are fair, just and reasonable. If no such complaint be filed within the period named, the rates become effective and the regulations enforceable. But the Public Service Commission still has control of both and upon a complaint being at any time filed, may inquire into the reasonableness of both rate and regulations or either, the only difference being as to the party who must bear the burden of proof.

All of these matters have now passed beyond the region of debate. The statute and the decisions under it have closed the door to further argument. Among other rules of the appellant water company was rule 9: "All bills for water rent are due and payable in advance January 1st and July 1st of each year. A discount of five per cent will be allowed for prompt payment. No discount allowed after thirty days from date of bill. No discount allowed on bills overdue. Water may be cut off if bills are not paid within sixty days from date thereof." This rule is filed with the schedules of the company, with the Public Service Commission, and posted in the office of the water company. No one attacks the reasonableness of that rule as it is written. It appears to us that a fair and reasonable enforcement of it by the company would furnish it adequate security in the collection of its rentals. If it is not adequate in this respect, it may be amended in the manner prescribed by law. But just as two or more men may conspire to do a perfectly lawful thing in a wholly unlawful manner, so a public service company may in practice use a rule or regulation, perfectly reasonable in itself, in such a manner as to bring about unreasonable results and impose in effect a lien upon a property which must be discharged by one who is under no obligation by law or morals to assume it.

We are not concerned with any question as to any remedy the water company may have for the collection of an honest debt, either from the person who contracted the debt or from the mortgagee who promised to pay it. Our only question is, was the order of the Public Service Commission directing the water to be turned on so that the property would become tenantable by the purchaser of it an unreasonable order? After mature reflection we are satisfied the question before us is practically ruled in two cases previously determined by this court, namely, Rochester, B. & L. Assn. v. Beaver Valley Water Co., 68 Pa. Superior Ct. 122, and more particularly in Beaver Valley Water Co. v. Public Service Commission, 70

Pa. Superior Ct. 621. In the former case KEPHART, J., speaking for this court, said, "We hold that the matter in controversy concerns the reasonableness of an effective rule or regulation of a public service company. Such questions are purely matters for the Public Service Commission, as long as the Act of 1913 is in effect: Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114." We have in the latter case cited one not distinguishable in any substantial way from the case at bar. There water rent had been allowed to become in arrears. The property of the water tenant was sold at sheriff's sale. Notice of the amount of the arrears was given at that sale. There, as here, the purchaser desired to have the water turned on upon the usual terms and the company refused to furnish water until the amount of the arrearages of the former owner of the property would be paid. A complaint was filed before the Public Service Commission and that body made substantially the same order as the one now appealed from. There, as here, the company had rules and regulations which, if properly enforced, would have amply secured the company in the collection of its money from the person that owed it; and there, as here, the neglect or refusal of the company to properly enforce its own regulations was the real basis upon which it sought to compel an innocent purchaser to pay the debt of another. In affirming the order of the commission, this court, speaking by KEPHART, J., said: "If utility concerns permit their bills to run along without enforcing reasonable requirements and employing ordinary business precaution, they are just as much at fault as the man who refuses to pay the account. Certainly, their dilatoriness should not be visited on the incoming tenant, who did not contract the bill, and should not be required to pay it......The public served is forced to take the utility because the company is the only concern that furnishes it, and the company is compelled to furnish this service to the public. While the rule under discussion does not in effect place a lien on

the property, it operates in much the same way, as it deprives the land of a very essential necessity, without which the property would not be rentable, nor would it bring a price in the market commensurate with its true worth. The order of the commission is clearly within its power, and there is nothing in the evidence which would warrant the court's interference."

As we are unable to find any substantial ground of distinction between that case and the one at bar, there appears to be no necessity for any further discussion of the present appeal.

The order of the Public Service Commission is affirmed and the appeal dismissed at the costs of the appellant.