William MOORE, Plaintiff in Error,

v.

METROPOLITAN UTILITIES COMPANY and the Oklahoma County Utility Services Authority, Defendants in Error.

No. 42728.

Supreme Court of Oklahoma.

Oct. 6, 1970.

Rehearing Denied Dec. 15, 1970.

Merson, Campbell & Merson, Oklahoma City, for plaintiff in error.

Hirsh, Johanning & Hudson, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

This is an appeal from a judgment for defendants entered by the trial court in an action brought by plaintiff to recover an amount paid under protest for water service and damages for the interruption of water service. Reference will be made to the parties as they appeared in the trial court.

In October, 1965, plaintiff rented an apartment in the Town of Valley Brook, Oklahoma County. Subsequently plaintiff's wife made arrangements with the collection agent of the operator of the water system for water service at the recently rented apartment and deposited $10.00 to guarantee payment of bills for such service. The water system was held in a trust, defendant The Oklahoma County Utility Services Authority, of which the beneficial owner was the Town of Valley Brook. Defendant Metropolitan Utilities Company operated the water system.

Water service to plaintiff's apartment commenced on October 16, 1965, and contin-ued uninterrupted until terminated, apparently for one day, in early February, 1966, for non-payment of alleged past-due charges. From a stipulation entered into by the parties, it appears that the past-due charges causing the termination of service consisted of unpaid amounts billed for water service to plaintiff for the period between November 15, 1965 and January 15, 1966, late charges on such unpaid amounts, and an unpaid bill in the amount of $12.85 for water service incurred by a prior tenant in plaintiff's apartment.

At trial, plaintiff testified that on several occasions prior to termination of water service, he had offered to pay all past-due charges incurred by him but refused to pay the unpaid bill owed by the prior tenant. He stated this offer was refused. Both plaintiff and his wife testified as to the inconvenience suffered as a result of the one day termination of water service, including the borrowing of water from a neighbor and the necessity of staying with relatives (at no cost) for one night. Plaintiff also introduced a letter he had written defendant operator after termination of service tendering the entire amount allegedly due but stating that the prior tenant's unpaid bill was being paid under protest.

Defendants submitted evidence to establish that the regulations of defendant trust provided for termination of water service if sums due for service had not been paid by the 30th day following billing. These regulations also make charges for water service the obligation of the owner of the property whether such service was rendered directly to the owner or to a tenant or other occupant. Defendants introduced a copy of a letter dated two days after institution of service in October, 1965, from the defendant operator of the water system to plaintiff which informed plaintiff of the unpaid bill of the prior tenant and advised him to contact his landlord for immediate payment of the bill. Plaintiff stated he did not recognize this letter while his wife denied ever having seen it. An agent of defendants admitted plaintiff had

offered to pay in full charges for water service rendered only to him, but could not state whether this offer was made prior or subsequent to the termination of service.

At the conclusion of trial, the court entered judgment for defendants. From this judgment and an order overruling his motion for new trial, plaintiff appeals.

In his first proposition for reversal, plaintiff contends that in the absence of legislative authority, a public utility cannot by rule or regulation make a tenant liable for an unpaid bill of a prior occupant. In support of this contention, plaintiff cites various authorities from jurisdictions other than Oklahoma. These authorities are cited and discussed in annotations appearing at 28 A.L.R. 472, 486; 55 A.L.R. 789; and 19 A.L.R.3d 1227, 1258. From the authorities discussed in the cited annotations, it appears that a majority of jurisdictions have ruled as plaintiff contends, that is, that a public utility cannot hold a tenant liable for charges for water service incurred by a prior occupant unless authorized to do so by some legislative authority.

Relying upon Oklahoma Natural Gas Co. v. Young, 116 F.2d 720 (10 Cir. 1940), a case arising in Oklahoma, defendants argue that the above cited majority rule is not applicable in this jurisdiction. In *Oklahoma Natural Gas,* the Court of Appeals, in holding that a public utility could adopt reasonable regulations concerning termination of service when a customer failed to pay past-due charges, cited, among other authorities, Miller v. Wilkes-Barre Gas Co., 206 Pa. 254, 55 A. 974. This latter cited decision held that a utility could adopt regulations providing for termination of water service unless all arrearages were paid, whether owing by the tenant in possession or his predecessor.

However, in *Oklahoma Natural Gas,* supra, the Court was not concerned with a situation where utility service was terminated because of an arrearage owed by a prior occupant. Therefore, any approval of the language from Miller v. Wilkes-Barre Gas Co., supra, concerning arrearages owed by prior tenants was not necessary to the decision in *Oklahoma Natural Gas* and is not controlling herein. In addition, the decision in *Miller* was rendered prior to the establishment in Pennsylvania of a public service commission regulating public utilities, and since the establishment of such a commission, two Pennsylvania decisions have not followed the previously expressed rule. See Beaver Val. Water Co. v. Public Service Com., 70 Pa.Super 621; and, Tyrone Gas & Water Co. v. Public Service Com., 77 Pa.Super. 292.

■ In our opinion, the proper rule and the one followed, as noted above, in a majority of jurisdictions, provides that absent some legislative authority, a public utility cannot make a tenant responsible for charges incurred by a prior tenant. Defendants had cited no legislative authority to validate the regulation passed by the defendant trust herein. In our view, defendants, absent such legislative authority, were not authorized to terminate plaintiff's water service on the basis of an arrearage owed by a prior occupant of his apartment.

■■ In his second proposition plaintiff contends a public utility is liable for damages proximately resulting from a wrongful termination of service. Although this well may be a correct statement of the law, it is our opinion the record herein reflects only that plaintiff and his family were inconvenienced by the termination of water service and does not establish that plaintiff suffered any actual damages. In the absence of actual damages, there can be no recovery of exemplary damages. Brown v. Higby, 191 Okl. 173, 127 P.2d 195. In view of our determination that plaintiff has not proved he suffered any damages, it is unnecessary herein to consider whether defendants were entitled to terminate plaintiff's water service based upon arrearages incurred by him.

■ In their brief on appeal, defendants contend that plaintiff is not the real party in interest in this action. This contention is based upon plaintiff's admission at trial

that he had borrowed from his landlord a portion of the amount necessary for the restoration of water service. However, in our opinion, it is immaterial in the present action from whom plaintiff obtained the funds. It was plaintiff's water service that was terminated and this termination placed upon him the necessity of paying the charges demanded.

The judgment is reversed and the case remanded to the trial court with directions to enter judgment for plaintiff in the amount of $12.85.

All the Justices concur.