Paul W. DANE et al., for themselves and for the Class "Residents and Merchants of the Town of Noble, Cleveland County, State of Oklahoma and immediate surrounding area", Plaintiffs,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Foreign corporation, and David Smith, an Individual, Defendants.

Civ. No. 72-384.

United States District Court,
W. D. Oklahoma,
Civil Division.

Nov. 14, 1972.

Terry Shipley, Noble, Okl., for plaintiffs.

Robert D. Allen, Nancy Batchelor, William J. Free, Oklahoma City, Okl., for defendants.

ORDER TO REMAND

DAUGHERTY, Chief Judge.

Plaintiffs brought this action in the District Court of Cleveland County,

Oklahoma alleging that they represent a class composed of:

"Residents and Merchants of the Town of Noble, Cleveland County, State of Oklahoma and immediate surrounding area."

They claim that the Defendants made false representations to the class concerning the type of telephone service that would be afforded them under a Wide Area Calling System which the Defendant Southwestern Bell Telephone Company (Bell) has put into effect in the Oklahoma City area. Plaintiffs seek $5,000 actual and $2,000,000 punitive damages on behalf of the class.

Defendants removed Plaintiffs' case to this Court alleging diversity of citizenship and the existence of an amount in controversy in excess of $10,000. There is no question that diverse citizenship is present but the Court is concerned whether the jurisdictional amount requirement is met.

Plaintiffs' state court Petition (Complaint) does not reveal the number of persons of which the claimed class may be composed. The population of Noble, Oklahoma, according to the 1970 census is 2,241. Rand-McNally Commercial Atlas (1971 Ed.), p. 425. There are 934 subscribers to Bell's telephone service in the Noble service area according to the June, 1972 Report of Company Service and Private Line Telephones filed by Bell with the Oklahoma Corporation Commission (Plaintiffs filed their action in June, 1972). When the damages sought by Plaintiffs are divided by the least of the foregoing numbers, the individual claim of each member of the class would be approximately $5 actual and $2,141 punitive damages. Mindful of the problems attending aggregation of claims presented by Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Court ordered Defendants to Show Cause why the case should not be remanded for lack of jurisdiction, Plaintiffs not having moved to remand.

Defendants respond that a class has not been determined to exist and may not exist and that Plaintiffs' claim for punitive damages arises from a "common and unitary right which is undivided and joint."

 In determining whether this case was removable at the time it was removed, the Court will look to the allegation of Plaintiffs' state court Petition, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, 19 ALR2d 738 (1959); Preston v. Kaw Pipe Line Co., 128 F.2d 162 (Tenth Cir. 1942), cert. den. sub nom. Preston v. Bunker Hill State Bank, 317 U.S. 674, 63 S.Ct. 80, 87 L.Ed. 541, aided as necessary by Defendants' Petition for Removal, Lonnquist v. J. C. Penney Co., 421 F.2d 597 (Tenth Cir. 1970). In cases where the basis for jurisdiction is doubtful, the Court should resolve such doubts in favor of remand. Greenshields v. Warren Petroleum Corp., 248 F.2d 61 (Tenth Cir. 1957), cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262.

 Plaintiffs' action is in tort, for deceit. As a class action, it seems to be on solid ground under Oklahoma law. 76 Okl.St.Ann. § 4.[1] Class actions in tort for deceit involving publicly regulated activities are not unknown in Oklahoma law. Hall Jones Oil Corporation v. Claro, 459 P.2d 858 (Okl.1969); Young v. West Edmond Hunton Lime Unit, 275 P.2d 304 (Okl.1954). Moreover, Oklahoma has long recognized a class action procedure. 12 Okl.St.Ann. § 233.[2]

 In determining jurisdiction on removal the Court may delve rather

---

1. This Statute provides:
 "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

2. This Statute provides:
 "When the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring all of them before the court, one or more may sue or defend for the benefit of all."

deeply into the factual situation surrounding jurisdictional matters, but it should not determine any of the merits of the cause in so doing. Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (Tenth Cir. 1964). Plaintiffs' Petition alleges that Defendants made false representations to "various" residents and merchants of Noble and that they relied on such representations to their detriment. Under the provisions of 76 Okl. St.Ann. § 4, the alleged fraud would run to every member of the class who can be shown to have been misled by the false representations. If the Court were to require proof as to how many persons purportedly within the alleged class were misled by false representations it will have decided the case before it has found the basis of its jurisdiction to do so.

■■■ Solely for the purpose of determining federal jurisdiction herein and no other, the Court concludes that Plaintiffs have properly plead a class action under Oklahoma law. What remains undetermined as to the class is the number composing the alleged class purportedly represented by the named Plaintiffs. Defendants, who have the burden to show the jurisdiction of this Court, have made no attempt to show what number may be included in the class alleged by Plaintiffs. However, the Court is not without some guidance for in Plaintiffs' Petition it is claimed, in effect, that the suit is brought on behalf of all telephone users in the Noble area. The June, 1972 Report of Company Service, etc., *supra*, a public document filed with the Oklahoma Corporation Commission, shows this number to be at least 934.[3] Under such circumstances the individual claim of each member of the class would not reach the amount required for federal jurisdiction under 28 U.S.C.A. § 1332.

Defendants also contend that it is improper to consider the requested punitive damages as totalling the individual claims of all members of the alleged class,[4] citing Berman v. Narragansett Racing Association, Inc., 414 F.2d 311 (First Cir. 1969), which held that the total detriment to defendants is determinative of jurisdictional amount. The distinction of that case from the present one is fully set out in Lonnquist v. J. C. Penney Company, *supra*.[5] It may be further noted that the *Berman* case dealt with contractual rights and not with an action sounding in tort. Punitive damages were not sought; only division of an existing common fund.

3. It could be argued that it is not proper for the Court to go outside the pleadings to find a possible number of which the class may be composed by referring to a public document. If this is so, then the Plaintiffs' Petition fails to establish with any certainty what amount may be in controversy and in such condition is not removable.

4. Defendants' view in this regard is inconsistent with their stated position with respect to actual damages:
"The essential elements of the individual plaintiffs' claim for actual damages while asserted jointly and purportedly on behalf of a class of persons 'similarly situated' is in reality a separate and independent claim of each plaintiff that he or she has suffered actual damages by virtue of alleged fraud and deceit by the defendants." Defendants' Response to Show Cause Order, pp. 2–3.

5. The Tenth Circuit said:
"The stores [defendants] place heavy reliance on the post-Snyder decision in Berman v. Narragansett Racing Ass'n, Inc. . . . There the court did look to the total detriment to the defendant in concluding that the requisite amount was in controversy. The distinction is that in Berman the plaintiffs asserted the common and undivided right of the class to recover a sum of money allegedly owing by the defendant to the class. After the sum was determined and recovered, it would be divided among the members of the class on a proportionate basis. Because such claims have always been permissibly aggregated . . . it was proper for the court to consider the total detriment to the defendant. In the case at bar, which involves separate and distinct claims that cannot be aggregated, it would be improper to look to total detriment." 421 F.2d 597 at p. 599.

In Oklahoma, punitive damages are statutory, 23 Okl.St.Ann. § 6 and may not be assessed where no actual damages have been found. Moore v. Metropolitan Utilities Co., 477 P.2d 692 (Okl.1970). It is obvious that the right to punitive damages is directly dependent on the right to actual damages. Defendants fail to cite any authority directly supporting their contention that Plaintiffs' claim for punitive damages arises from a "common and unitary right which is undivided and joint," and if Defendants' contentions that the right of Plaintiffs to actual damages is the separate and independent claim of each member of Plaintiffs' class, then there is no basis for Defendants' inconsistent contention as to punitive damages.

The Court is well aware that Snyder v. Harris, *supra*, did not squarely hold that the claim of each member of the class must meet the jurisdictional amount requirement. It held that claims to meet jurisdictional amount may not be aggregated except where asserted by the same persons or by persons having a common title or right. The negative pregnant of this holding is that any other "unaggregated" claim must meet the jurisdictional amount.[6]

In holding that this case was not removable at the time it was removed to this Court for failure to meet the jurisdictional amount requirements of 28 U. S.C.A. § 1332, the Court does not intend in any way to encroach upon the state District Court's function of determining whether a class action has been properly brought or those constituting the alleged class. It would appear to the Court that Plaintiffs, upon demand, still have the burden in these respects.

The Court therefore sua sponte orders that this case be and it is hereby remanded to the District Court of Cleveland County, Oklahoma, from which it was improvidently removed. Pending Motions are referred to the State Court. The Clerk will effect remand without delay.

---

6. The Court believes this conclusion to be sound in view of the result reached in Lonnquist v. J. C. Penney Company, *supra*. None of the claims in that suit, which were for allegedly usurious interest charged by the defendant stores, met the jurisdictional amount. Also, see Zahn v. International Paper Co., 469 F.2d 1033 (Second Cir., September 7, 1972), which held that " * * * 'each class member in a spurious class action must independently satisfy the requirement as to jurisdictional amount.' "