# V. & S. Bottle Company, Appellant, *v.* Mountain Gas Company.

*Public service companies—Gas companies—Act of July 26, 1913, P. L. 1374, Sec. 8—Contracts—Rates—Undue preference—Bill in equity—Specific performance—Refusal.*

A bill in equity by a manufacturing company against a gas company to compel specific performance of a contract for the supply of gas was properly dismissed where the agreement in question gave plaintiff an undue and unreasonable preference and advantage in rate and service, such agreement being rendered inoperative by the Public Service Act of July 26, 1913, P. L. 1374, Section 8.

Argued May 6, 1918. Appeal, No. 92, Jan. T., 1918, by plaintiff, from decree of C. P. Potter Co., Sept. T., 1917, No. 1, in equity, dismissing bill in equity for specific performance in case of V. & S. Bottle Company v. Mountain Gas Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for specific performance of contract to supply gas and for an injunction. Before HECK, P. J.

From the record it appeared that on October 30, 1913, plaintiff and defendant entered into an agreement under which the latter agreed to sell and deliver to the former at the price of eight cents per thousand cubic feet, based on an eight-ounce pressure, delivered at the place hereinafter mentioned, for the term of five years, and ten cents per cubic feet based on the same pressure, such quantities of natural gas as required by the party of the second part (plaintiff) to supply its factory with natural gas for fuel, light, heat and other necessary purposes, for the proper and successful operation of said factory, for and during the term of ten years from the date thereof; said gas to be used at the factory of said party in the Village of Roulette, Potter County, Penna.

The contract further provided that the plaintiff should furnish the necessary pipes, regulators and meters.

The Mountain Gas Company, on December 22, 1913, filed a tariff fixing the price of natural gas to manufacturers in quantities of 100,000 cubic feet daily at ten cents per thousand cubic feet.

The defendant, subsequent to January 1, 1914, refused to supply gas to the plaintiff for less than the rate required by such tariff. Plaintiff brought this bill in equity to compel the specific performance of its contract of October 30, 1913.

The lower court found that the agreement in question gave the plaintiff company special privileges forbidden by Section 8, sub-division A and B of the Public Service Act of July 26, 1913, P. L. 1374, and that such agreement was rendered inoperative from the time the said act went into effect January 1, 1914, and dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*W. K. Swetland,* for appellant.

*S. S. Mehard,* of *Mehard, Scully & Mehard,* with him, *W. F. Dubois,* for appellee.

PER CURIAM, June 3, 1918:

This appeal is dismissed and the decree affirmed, at appellant's costs, on the correct conclusion of the learned court below that when the public service law went into effect on January 1, 1914, the agreement in question became inoperative.