# Ben Avon Borough et al. v. The Ohio Valley Water Company.

*Public Service Commission—Water companies—Rates — Valuation—Judicial determination of matter in controversy—Review by Superior Court.*

After hearing, on a complaint that a water company's rates were unreasonable, the Public Service Commission fixed a valuation for rate-making purposes. On appeal to the Superior Court the decision of the Public Service Commission was reversed. On appeal to the Supreme Court of Pennsylvania, the Superior Court was reversed and the order of the Public Service Commission was reinstated.

An appeal was then taken to the Supreme Court of the United States on the ground that the effect of the decision of the Supreme Court of Pennsylvania was to deprive the water company of a proper opportunity for adequate judicial hearing upon the allegation that the order of the Public Service Commission was confiscatory, and that if the Superior Court was bound by the conclusions of the Public Service Commission, and was not permitted or required to review the record to determine whether the property had been taken without due process of law, the water company was deprived of its right to a judicial determination of that contention.

The Supreme Court of the United States held that due process requires a state to furnish an opportunity for such judicial review, and that the appellant was deprived thereof, if the conclusions of

290, (1921).]　　Syllabus—Statement of Facts.

the Public Service Commission were final, as was held by the Supreme Court of Pennsylvania. The record was then remitted to the latter court for appropriate action.

The Supreme Court of Pennsylvania remanded the case to the Superior Court with instructions that it should determine upon its own independent judgment, as to the law and facts involved whether the order of the Public Service Commission was confiscatory.

The Superior Court, after then reviewing the testimony, found that the value of the property of the water company for rate-making purposes was in excess of $1,324,000, whereas the Public Service Commission had allowed but $924,744. In such circumstances the order of the Public Service Commission fixing a valuation at $924,744 is taking property without due process of law and will be reversed.

Contracts requiring service to be rendered by public service companies at special rates or free of charge must yield to the regulatory powers of the state, as conferred in the Public Service Commission by the Public Service Company Law.

See same case, 68 Pa. Superior Ct. 561.

Argued November 17, 1920. Appeal, No. 186, April T., 1917, by the Ohio Valley Water Company from order of the Public Service Commission of Pennsylvania, Complaints Nos. 335, 415, 416, 417, 496-1915, in cases of Boroughs of Ben Avon, McKees Rocks, Bellevue, Avalon, Westview, and Stowe Township and W. B. Dawson v. The Ohio Valley Water Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Complaints that rates charged by Ohio Valley Water Company were unreasonable. The facts appear in Ben Avon Borough et al. v. Ohio Valley Water Company, 68 Pa. Superior Ct. 561, in Ben Avon Borough et al. v. Ohio Valley Water Company, 260 Pa. 289, and in the opinion of the Superior Court.

On appeal to the Supreme Court of the United States the judgment of the Supreme Court of Pennsylvania was reversed and the record remitted to the latter court for appropriate action. The Supreme Court of Pennsyl-

292 BEN AVON BORO. *v.* THE OHIO VALLEY WATER CO.

Statement of Facts—Opinion of the Court. [75 Pa. Superior Ct.

vania then remitted the record to the Superior Court of Pennsylvania with the following order:

"The above case is remanded to the Superior Court with instruction that said court determine upon its own independent judgment as to the law and facts involved, whether the order of the Public Service Commission of which the Ohio Valley Water Company complains is confiscatory, and to make such disposition of the water company's appeal as is required by the opinion of the Supreme Court of the United States reversing the judgment of this court."

In accordance with the above order the Superior Court filed the following opinion dismissing the complaints before the Public Service Commission.

*William Watson Smith,* of *Gordon & Smith,* for appellant.

*David L. Starr* and *Albert J. Liddell,* and with them *James McLaren* and *Harry J. Thomas,* for appellees.

*Berne H. Evans,* and with him *John Fox Weiss,* for the Public Service Commission.

OPINION BY LINN, J., March 5, 1921:

On December 30, 1914, complaints were made to the Public Service Commission that the rates collected by appellant were unreasonable and in violation of contracts. Complainants had the burden of proof. The commission concluded that the rates were too high and directed that new rates be adopted according with its report. The water company appealed.

After due consideration we reversed the order of the commission and remanded the record, directing a reformation of the value for rate-making purposes adopted by the commission: 68 Pa. Superior Ct. 561. On appeal to the Supreme Court of this State, our order was reversed and the commission's reinstated. The reason for the

reversal was stated by the Supreme Court to be that
"......the Superior Court differed from the commission as to the proper valuation to be placed upon several items going to make up the fair value of the property of the water company for rate-making purposes......
A careful examination of the voluminous record in this case has led us to the conclusion that in the items wherein the Superior Court differed from the commission upon the question of values, there was merely the substitution of the former's judgment for that of the commission, in determining that the order of the latter was unreasonable": 260 Pa. 289, 301, 309.

The water company then appealed to the Supreme Court of the United States. There it contended that the effect of the decision of the Supreme Court of Pennsylvania was to deprive it of a proper opportunity for an adequate judicial hearing upon its allegation of confiscation if, as that court had held, the Superior Court was bound by the conclusions of the commission and was not permitted or required to review the record to determine whether due process of law under the Fourteenth Amendment had been observed, suggesting that the requirement of due process was not observed in this case by limiting the duty of the Superior Court to a mere inquiry whether there was evidence in the record to support the findings of the commission instead of requiring a judicial review of the whole record. The Supreme Court of the United States held (1) that due process requires a state to furnish an opportunity for such judicial review, and (2) that appellant was deprived thereof if the conclusions of the commission were final as the Supreme Court of the state had held; the record was remitted to that court for appropriate action: 253 U. S. 287. The Supreme Court of this State then remitted the record to this court with the following order: "The above case is remanded to the Superior Court with instruction that said court determine, upon its own independent judgment as to the law and facts involved,

whether the order of the Public Service Commission of which the Ohio Valley Water Company complains is confiscatory, and to make such disposition of the water company's appeal as is required by the opinion of the Supreme Court of the United States reversing the judgment of this court."

We have complied with the order and have again reviewed the record and now adopt the conclusions stated in our former opinion as our present judgment of the law and the facts involved. We need not repeat now what we said then. One of complainant's contentions below was that certain rates exceeded what appellant by contracts had agreed to charge: it is now too well settled to require further discussion that contracts requiring service to be rendered by public service companies at special rates or free of charge must yield to the regulating power of the State and that accordingly appellant may not in compliance with those contracts now render service either at special rates or free or otherwise under circumstances unjustly discriminatory.

The character of the evidence offered by the parties was stated in our former opinion; the reasonable value of the service to the consumer was not shown. The commission specifically found that appellant's plant "is reasonably well planned and constructed in a substantial manner and is now efficiently serving the public." There is no dispute about the amount required for operating expenses. In resolving the contentions of the parties, the commission undertook to ascertain the fair value of appellant's property used and useful in the public service and from that to determine the gross revenue which appellant should be permitted to receive.

For the reasons given in our former opinion, we need now only supplement what was there stated by adding that (1) in making its rate base the commission should have considered interest during the whole period of construction agreed upon by the engineers on both sides instead of reducing the period, so that it becomes necessary

to increase that item by $28,600; (2) the item of going value held properly allowable is $185,000; (3) the Neville Island valuation should be increased by $51,200; (4) the valuation of the Monongahela Water Company should be increased by $42,661; (5) $92,415 should be added for brokerage.

We all agree that the value of appellant's property for the purpose under discussion was in excess of $1,324,000. The commission considered only $924,744. By the rates which the commission ordered to be filed, the company would receive a gross annual revenue of about $135,167; the disputed rates return a gross annual revenue of about $162,249. Accepting as reasonable the rate of depreciation, the operating expenses and fixed charges considered by the commission, the appellant, with property which has a rate-making value of over $1,324,000, has shown that the gross revenue returned by the rates complained of is not unreasonable. Accordingly, complainants have not sustained the burden of proof.

Obviously to require appellant to render the service at rates based on only $924,744 when for rate-making purposes its property devoted to the public use was valued at over $1,324,000 is taking its property without due process.

The order of the commission is reversed and the record is remanded with instructions to dismiss the complaints.