# .Wayne Sewerage Co., Appellant, v. Fronefield et al.

*Easements—Sewers—Right of access to sewers—Sewerage companies—Rates—Public Service Commission—Power to fix rates—Right to collect—Affidavit of defense.*

1. An easement is a privilege without profit which the owner of one neighboring tenement hath of another, existing in respect to their several tenements by which the servient owner is obliged to suffer or not to do something on his own land for the advantage of the dominant owner.

2. A drain pipe laid in a public street, the use of which may be ordered to be discontinued, disused or abandoned by the Commonwealth through its health authorities, under its police power, for the health and well-being of the community, is not such a tenement as is subject to a true easement as above defined.

3. In an action of assumpsit to recover charges of a sewerage company, duly filed with and approved by the Public Service Commission, an affidavit of defense is insufficient which sets forth that the defendants are not liable to the plaintiff because they are holders of easements which entitle them to drain sewerage into the sewers of the plaintiff company.

4. The fact that the defendants were the possessors of an easement through former conveyances, of the right to drain into a sewer, does not affect the case, where such sewer was declared unsanitary by the state health authorities and the plaintiff was compelled to make large expenditures to provide a sanitary sewerage system. The drainage being through the construction of the plaintiff it was entitled to be paid for its services.

5. Such a ruling does not mean the extinguishment of an easement granted under a former conveyance. If the rights possessed by the defendants are real property rights they cannot be disturbed even by the Commonwealth under its police power, or except by proceedings in eminent domain, and the order of the Public Service Commission fixing the rates to be charged by the plaintiff company is without effect to them; but if their rights to the sewerage system are secured by contract, express or implied they were such as the Commonwealth might, under its police power, set aside for the greater interest of the public at large, as unfair and preferential.

Argued March 15, 1921. Appeals, Nos. 321, 322 and 323, Oct. T., 1920, by plaintiff, from judgment of C. P.

Statement of Facts—Arguments.   [76 Pa. Superior Ct.
Delaware County, March T., 1920, Nos. 47, 53 and 86, in the cases of Wayne Sewerage Company v. Joseph M. Fronefield, Herman S. Leinhart and Charles Schwarz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Reversed.

Assumpsit to recover for sewer service furnished by the plaintiff in accordance with rates established by the Public Service Commission.   Before BROOMALL, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Plaintiff appealed.

*Error assigned* was the order of the court.

*J. B. Hannum, Jr.,* and with him *Arthur L. Reeser* and *E. Wallace Chadwick,* for appellant.—Under the Public Service Company Law the defendants must pay for services which the plaintiff rendered: Leiper v. Baltimore & P. R. Co., 262 Pa. 328; Borough of Lansdowne v. Public Service Commission, 74 Pa. Superior Ct. 203; Durant v. Consumers' Light & P. Co., P. U. R. 1919 C, 46; Re Poughkeepsie & W. F. R. Co. (N. Y.), P. U. R., 1918 F, 368; Re North Fork Ditch Co. (Cal.) P. U. R. 1916 D, 477; Limoniera Co. et al. v. Railroad Commission (Cal. Sup. Co.), P. U. R. 1917 D, 183, 162 Pac. Rep. 1033.

*W. Roger Fronefield,* and with him *Winfield W. Crawford,* for appellee.—The defendants were the possessors of an easement, which gave them the right to drain into the sewers of the defendant: Zell v. Universalist Society, 119 Pa. 390; Cannon v. Boyd, 73 Pa. 179; Seibert v. Levan, 8 Pa. 383; Grace Church v. Dobbins, 153 Pa. 294; Ormsby v. Pinkerton, 159 Pa. 458; Mennert v. McKeen, 112 Pa. 315; Geible v. Smith, 146 Pa. 276; Philips v. R. R., 184 Pa. 537; Neff v. P. R. R. Co., 202 Pa. 371.

*Hampton L. Carson,* as *Amicus Curiae* in behalf of those not yet before the court, but whose cases involve similar features and principles: An easement, which is a property right, not personal to the temporary owner, but inherent in the title to real estate, and passing from generation to generation as an incorporated hereditament, is not subject to extinguishment or destruction under the police power as though it were a personal contract.  It is property within the clauses of the Constitution prohibiting the taking of private property for public use without due process of condemnation and compensation: Kieffer v. Imhoff, 26 Pa. 438; 3 Kent's Comm., 436; A Treatise on the Law of Easements, by Charles James Gale, now in the Ninth Edition, chapter I; Cannon v. Boyd, 73 Pa. 179; Phillips v. Phillips, 48 Pa. 185; Overdeer v. Updegraff, 69 Pa. 110; United States v. Welch, 217 U. S. Rep. 333.

OPINION BY KELLER, J., April 26, 1921:

The appellant is a public service corporation which owns and operates a system of sewers and sewage disposal plant in Radnor Township, Pennsylvania.  The appellees are several owners of houses which are connected with and empty their sewage into appellant's sewage system.  Following the filing, publishing and posting of a new schedule of rates by the appellant company, effective July 15, 1918, and a complaint thereagainst by a number of patrons, (not including the appellees), the Public Service Commission investigated the matter and on April 15, 1919, filed its order directing a slight modification in the rates thereafter to be charged and collected for the service performed, and in all other respects dismissed the complaint.  The appellees having refused to pay for sewage service under said schedule and its modification the company brought these actions in assumpsit.

The defense set up by the several defendants was that they were not patrons of the plaintiff company but had

the right to discharge their sewage into said sewage system, free of charge, by reason of an easement annexed or appurtenant to their several pieces of real estate permitting such discharge.

The facts which they claim establish this easement may be briefly summarized from the pleadings as follows: In 1883 Anthony J. Drexel and George W. Childs were the owners of a large tract of land in Radnor Township aforesaid, which they developed into a town site, called Wayne. They laid out streets, with lots fronting thereon and constructed a gravity drainage or sewage system by laying pipes in the streets, whence the sewage flowed by gravity into large tanks located on land belonging to them and thence out through graded surface ditches into woodland also owned by them. They constructed some houses which they connected with this drainage system, and conveyed the houses to various grantees, no reference to the drain being contained in the deed. Fronefield's and Leinhart's properties are in this class. They also sold lots to various other grantees, the deeds containing this clause: "Together with the use of the drainage system of Wayne with the right to connect with the same." The defendant Schwarz holds under such a deed. They also sold lots to still other grantees, with the following clause in the deeds: "Together with the free use of the drainage system of Wayne with the right to connect with the same, and also the use of the water system of Wayne, under such rules and regulations, and subject to such charges for the use of the water as may be from time to time agreed upon." None of the present defendants hold title under such a deed, but the learned and distinguished lawyer, who filed a brief with this court as amicus curiæ, and who so eloquently argued this case for the appellees, represents clients who hold under such deeds. Still other purchasers of lots had no clauses in their deeds relative to the drainage system but themselves made connections therewith without any license or authority to do so. In

1892, after these lots had all been sold, the gravity sewage
system having proved inadequate and unsanitary,
Messers. Drexel and Childs constructed on another tract
belonging to them of about twelve acres a sewage system
known as the Waring system which disposed of the sew-
age by means of a receiving reservoir into which the
sewage flowed by gravity and from which it was pumped
to another reservoir on the top of a hill, whence it
flowed in streams down the hill, and thus clarified or
purified was discharged into Ithan Creek. In 1902 the
Wayne Sewerage Company was incorporated and pur-
chased the sewer or drainage system and the tract of
twelve acres from Drexel and Childs. In 1905 the com-
missioner of health of Pennsylvania by authority duly
committed to him, ordered the company to discontinue
this discharge into Ithan Creek and to erect and main-
tain a new sewage disposal plant, according to plans and
specifications approved by him, which would render the
sewage innocuous, and in compliance therewith the ap-
pellant constructed, at a cost of $95,000, a sanitary sys-
tem of sewage disposal by which the sewage is conveyed
into tanks and filters located on said twelve-acre tract,
and treated and rendered innocuous before it is dis-
charged, and maintains the same at a considerable an-
nual expense. The defendants and certain other prop-
erty owners using the sewage system having refused to
pay anything for such use, the company filed a bill in
equity against them in Delaware County to December
Term, 1911, No. 10, praying that the defendants therein
and each of them be ordered to pay to the plaintiff the
same rates as the other property owners at Wayne having
connection with the drainage and disposal system of the
plaintiff for the maintenance and operation of said sys-
tem, which the court after hearing dismissed as to such
of the defendants (1) whose properties had been con-
nected with said system at the time they were conveyed
by Drexel and Childs, (2) whose deeds provided for the
free use of said system, or (3) whose deeds called for

connection with and the use of said system, and entered a decree in accordance with the prayer of the bill against all the others.

The brief filed by the learned counsel as amicus curiæ is a veritable storehouse of legal lore and learning on the subject of easements and has received, as it deserves, the most careful consideration by the court. We agree fully with the learned counsel that if the rights possessed by these defendants are such real property rights that they cannot be disturbed even by the Commonwealth under its police power or except by proceedings in eminent domain, the order of the Public Service Commission fixing the rates to be charged by the appellant is without effect as to them and they are not concluded thereby; on the other hand if their rights to this public service, secured by contract, express or implied, were such as the Commonwealth under its police power might set aside, for the greater interest of the public at large as unfair and preferential, they have no defense in these actions, for the rates herein demanded are the rates for public service duly established and prescribed according to law: Suburban Water Co. v. Oakmont Boro., 268 Pa. 243. The decree in the equity proceedings in Delaware County does not conclude the plaintiff, though unappealed from, because it was filed before the passage and approval of the Public Service Company Law, and the Commonwealth and its police power were not concerned in the litigation. As we pointed out in Lansdowne Boro. v. Public Service Commission, 74 Pa. Superior Ct. 203, relative to decisions holding public service companies to strict compliance with contracts contained in borough ordinances made prior to the Public Service Company Law: "In the cases in which such contracts were upheld prior to the Public Service Company Law the right of the State to set aside such unfair and preferential rates under the police power was not in question nor considered."

In the brief filed by the learned counsel an easement is defined to be "a privilege without profit which the owner of one neighboring tenement hath of another, existing in respect of their several tenements by which the servient owner is obliged 'to suffer or not to do' something on his own land for the advantage of the dominant owner." [Gale: A Treatise on the Law of Easements, Chapter II.]

Applying this definition to the facts in these cases we find that the rights here claimed by the appellees differ from true easements, as above defined, which are incorporeal hereditaments and real property, in two respects: First, the tract of twelve acres belonging to appellant, onto which appellees claim the right to discharge their sewage, is not neighboring or contiguous to the real estate, to which said rights are claimed to be annexed or appurtenant; their drains do not lead or empty directly into appellant's land. In this respect the present case differs from Koons v. McNamee, 6 Pa. Superior Ct. 445; Dzmura v. Gyurik, 41 Pa. Superior Ct. 398, and similar cases. Appellees' drains lead into and are connected with larger pipes or drains laid in the public streets and it is only through such drains or sewers in the public highways that appellees' sewage is discharged on appellant's land. The streets belong to the Commonwealth and any private grant or right founded in whole or in part on the use of the public streets of a locality is necessarily taken subject to the regulatory and supervisory powers of the Commonwealth and its general police power and must be considered to be so limited at the time it is accepted. Or, if appellees claim that their easement is to discharge sewage directly into the drainage pipes laid in the Commonwealth's streets and not onto appellant's tract of land, here again such rights are limited by the police power of the Commonwealth and subject to regulation thereunder and must have been so recognized when the rights were obtained; and, we may add, a drain pipe, laid in the public street,

the use of which may be ordered to be discontinued, disused or abandoned by the Commonwealth through its health authorities, under its police power, for the health and well-being of the community, is not such a tenement as is subject to a true easement as above defined. Mr. Gale's definition above quoted contemplates that the servient tenement is land, and the definition contained in Lord Halsbury's Laws of England, Vol. 11, Sec. 470, also quoted in the brief referred to, distinctly limits easements to land, for it says: "An easement is a right which a person has to utilize certain land belonging to another in a particular manner not involving the taking of any part of the natural produce of that land or any part of its soil; or a right to prevent the owner of land from utilizing his land in a particular manner."

Second, as pointed out in Mr. Gale's definition an easement imposes no positive duties upon the servient tenement; the servient owner is only obliged "to suffer or not to do something"; he is not required by reason thereof to do anything actively. As stated in the quotation from counsel's brief relative to servitudes, the civil law forerunner of easements: "It is a rule that a true servitude cannot consist in laying a positive duty on the owner of the servient tenement. It can only prevent such owner from doing something which, but for the existence of the servitude, he would be entitled to do, or to extract some advantage from the servient tenement, which, but for the existence of the servitude, he could not extract." [Amos' History and Principles of the Civil Law of Rome, p. 148.] But in this proceeding, appellees are contending that under the rights secured to them the sewerage company is obliged to perform for them free of charge the positive duties not only of keeping and maintaining the drains or sewers laid in the streets in good order and repair, but also of so treating and disposing of their sewage as to render it innocuous. The pleadings show that the construction of the disposal plant by the sewerage company was not a voluntary act on its

part. The Commonwealth, (through the commissioner of health), in the exercise of its police power and acting for the health and welfare of the general public ordered that the raw sewage be no longer discharged into its waters and required that a proper sewage disposal plant be constructed and maintained. Here again the State was acting entirely within its police powers. Whatever the private agreements between individuals or easements created as to the use of private sewers, drains, cesspools and privies, the State, having regard to the health of its people, has power to interfere and order their discontinuance. By this action on the part of the health authorities positive duties relative to the disposal of all the sewage flowing into its mains, including appellees', were imposed on the appellant which necessitated the furnishing of public service, as defined in article I, section 1, of the Public Service Company Law, to all whose houses were connected with its system. It follows that as to such public service the company and those using its system are governed by the Public Service Company Law and that the rates paid by such users must be fair, just, equal and without discrimination. Free use of public service by certain favored persons cannot be permitted under any form, whether deed, contract, ordinance, agreement, or otherwise: Vernon Township v. Public Service Commission, 75 Pa. Superior Ct. 54; Ben Avon Borough v. Ohio Valley Water Co., 75 Pa. Superior Ct. 290; for it imposes on the other users not only their own fair share of the cost and expense of operation but also the shares which such favored users ought to pay and is therefore preferential, unjust and unreasonable. The rates for service determined and prescribed in accordance with the provisions of the Public Service Company Law applied, therefore, to the appellees as well as all others who made use of such service and the appellant was entitled to judgment on the pleadings.

The judgments are reversed and the records are remitted to the court below with directions to enter judg-

ment in the several cases in favor of the plaintiff and against the defendant for want of a sufficient affidavit of defense for such sum as to right and justice may belong unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.

. PORTER and HENDERSON, JJ., dissent as to the application of the judgment to the easements held by grant.