## Beetem et al., Appellants, *v.* Carlisle Light, Heat & Power Co.

*Public service companies—Rates—Violation of contract—Jurisdiction—Common pleas—Public Service Commission.*

Where a customer of a company incorporated to furnish "light, heat and power" to the public, denies that the company is in fact a public service company, and that it has a right to increase its rates so as to annul its own prior contract, the remedy of the customer is not by a bill in equity in the common pleas, but by appropriate proceedings before the Public Service Commission.

Argued January 19, 1922. Appeal, No. 106, Jan. T., 1922, by plaintiffs, from decree of C. P. Cumberland Co., March T., 1919, No. 1, dismissing bill in equity, in case of Edward C. Beetem et al., trading as E. C. Beetem & Son, v. Carlisle Light, Heat & Power Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before SADLER, P. J.

The opinion of the Supreme Court states the facts.

An amended bill was filed and a demurrer thereto dismissed in an opinion by SADLER, P. J., reported in 9 Pa. Corp. R. 193.

After final hearing, the bill was dismissed by MAUST, P. J. Plaintiff appealed.

*Error assigned,* was inter alia, decree, quoting it.

*Douglass D. Storey,* with him *Joseph P. McKeehan,* for appellants.—The court has jurisdiction: V. & S. Bottle Co. v. Gas Co., 261 Pa. 523; Fogelsville, etc., Electric Co. v. Power & Light Co., 271 Pa. 237; Schmunk v. Oil Co., 9 P. C. R. 518.

*Caleb S. Brinton,* with him *E. M. Biddle, Jr.,* for appellee.—Appellee was, rightly or wrongly, functioning as a public service company in its service of live steam for industrial heating and any complaint in regard to its service or rates or rights in that respect must be passed upon in the first instance by the Public Service Commission.

OPINION BY MR. JUSTICE SCHAFFER, February 13, 1922:

Plaintiffs appeal from the dismissal of their bill in equity, filed against defendant, to restrain shutting off the supply of live steam, furnished by it to them, in pursuance of a written contract, and for a decree of reparation for money alleged to have been illegally collected.

The record discloses defendant was incorporated for the purpose of supplying "light, heat and power by means of electricity to the public in the Borough of Carlisle." In pursuance of a written contract, for an annual charge therein fixed, it supplied plaintiffs, who were manufacturers, their factory located near defendant's plant, with live steam. This contract was dated January 2, 1915, and covered a period of five years. In the fall of 1918, defendant gave notice of a rate to be charged the public for live steam, and filed a tariff therefor with the Public Service Commission, which was duly posted. This tariff greatly increased the price of live steam to plaintiffs over its contract price. On the refusal of plaintiffs to pay a bill rendered for steam at the new rate, it was threatened by defendant that their steam supply would be shut off; whereupon this bill was filed, and a mandatory injunction issued forbidding discontinuance of the supply until preliminary hearing, when the motion to continue the injunction was refused and the injunc-

tion dissolved. This action was affirmed on appeal (Beetem v. Carlisle Light, Heat & Power Co., 265 Pa. 128) and the case went back for final hearing. An amendment was filed to the bill, praying a decree for damages for the money paid in excess of the contract price. On final hearing, the bill was dismissed.

Appellants were the only purchasers of live steam from defendant, with the exception of the Carlisle Gas & Water Company, a corporation allied with defendant, which owns all its (defendant's) capital stock and is operated in conjunction with it. Defendant held itself out as willing to furnish live steam to the public, but had no customers except complainants.

Plaintiffs claim defendant is not a public service company, so far as furnishing live steam is concerned, and, therefore, as affecting the price fixed in the contract with them, the filing of the tariff was a nullity and the Public Service Commission without jurisdiction. The defendant is, however, a public service company, and over its rates, and that is the only question here, the Public Service Commission has jurisdiction. Appellants seem to have at least tacitly recognized this, as they made application to that body to strike off the tariff, which application has never been acted upon. Plaintiffs' remedy then in the first instance lies with the Public Service Commission: Leiper v. Baltimore & Philadelphia R. R. Co., 262 Pa. 328, 333; Klein-Logan Co. v. Duquesne Light Co., 261 Pa. 526; St. Clair Borough v. Tamaqua & Pottsville Electric Ry. Co., 259 Pa. 462. Without expressing an opinion on the merits of appellants' complaint, we are constrained by our prior decisions to hold the determination of the court below to be correct, that it was without jurisdiction of the proceedings, not thereby intending to deny plaintiffs a remedy for the wrong they set up, as redress may be at their hand before the Public Service Commission, if their claim is meritorious.

The decree of the court below is affirmed at appellants' cost.