## Dickson et al., Appellants, v. Drexel et al.

*Deeds—Plan of lots, streets and sewers—Right to use sewer—Laches—Equity.*

1. Where the owners of land lay it out on a plan of lots and streets and sewers, and convey, to respective purchasers of the lots, "the free use of the drainage system," and "the right to connect with the same," but without any provision restraining the grantors from disposing of the sewerage system, or requiring them to repair the same, the grantors may convey the sewerage plant without any fraud on the rights of the grantees of the lots.

2. Even if, in such case, the lot owners had an equity, they could not assert it after the expiration of twenty years from the conveyance of the sewerage plant and after permitting the purchaser of the sewerage plant to expend large sums of money in the reconstruction and maintenance of the sewerage system.

*Public service companies—Sewerage companies—Rates—Act of July 26, 1913, P. L. 1374.*

3. Under the Act of July 26, 1913, P. L. 1374, a sewerage company is a public service company, and must make uniform rates to all, and grant free service to none, regardless of existing contracts to the contrary.

Argued January 12, 1926. Appeal, No. 49, Jan. T., 1926, by plaintiffs, from decree of C. P. Delaware Co., Dec. T., 1922, No. 907, dismissing bill in equity, in case of Robert Dickson et al. v. John R. Drexel et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction and to declare deeds void. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting record.

*De Forrest Ballou,* for appellants.—Plaintiffs' bill was filed upon the assumption and charges that the defendants, Drexel & Childs, having sold lots to appellants giving them free use of a sewerage system, did by an unlawful conspiracy fraudulently divest plaintiffs of a valuable vested right, and thereby a trust resulted in favor of the plaintiffs: Jackson v. Jackson, 6 Sadler 42; Meurer's App., 119 Pa. 115; Mortland v. Mortland, 151 Pa. 593; Altoqna C. & C. Co. v. Burk, 172 Pa. 53; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24; Lafean v. Caramel Co., 271 Pa. 276.

Statute of limitations does not apply where fraud is alleged: Madole v. Miller, 276 Pa. 131.

There is nothing in the bill to indicate that plaintiffs have been guilty of laches: Master v. Roberts, 244 Pa. 342; Montgomery v. Montgomery, 269 Pa. 332; Mc-Gonigle v. Coal Co., 71 Pa. Superior Ct. 480.

*J. B. Hannum, Jr.,* for appellees, Geo. M. Bunting and Wayne Sewerage Co.—The Wayne Sewerage Company, a Pennsylvania corporation, is engaged in rendering sewer service in Wayne, in the Township of Radnor, Delaware County, Pennsylvania, and is therefore, a public service company, subject to the jurisdiction of the

Public Service Commission of Pennsylvania, under the provisions of the Public Service Company Law of July 26, 1913, P. L. 1374: Leiper v. R. R., 262 Pa. 328.

Where a court of law has established a right, it is not within the province of equity to disregard it: Scott v. Waynesburg Brew. Co., 256 Pa. 158; Colonial Trust Co. v. Trust Co., 243 Pa. 268; Albright v. Albright, 228 Pa. 552.

The plaintiff's bill discloses no equity: In re Hays, 159 Pa. 381; McVey v. Brendel, 144 Pa. 235; Barton v. Benson, 126 Pa. 431.

Plaintiffs' bill avers no facts, giving rise to a trust relation between plaintiffs and the defendants, the Wayne Sewerage Company and George M. Bunting: Narry v. Hill, 166 Pa. 344.

The complainants are, on the face of the bill, guilty of gross laches: Barry v. Hill, 166 Pa. 344; Silliman v. Haas, 151 Pa. 52; Way v. Hooton, 156 Pa. 8.

*H. Gordon McCouch,* for appellees, Emma B. Childs and trustee under will of Anthony J. Drexel, deceased.— Defendants committed no fraud in selling the old drainage system to the Wayne Sewerage Company and no trust resulted therefrom.

The deeds imposed no obligation on Childs and Drexel to maintain a sewerage system for the benefit of appellants: Wayne Sewerage Company v. Fronefield, 76 Pa. Superior Ct. 491.

Defendants are not responsible for the destruction of the drainage system in use at the time the deeds from Drexel and Childs were executed: Leiper v. R. R., 262 Pa. 328.

OPINION BY MR. JUSTICE WALLING, February 1, 1926:

In 1883, Anthony J. Drexel and George W. Childs, owners of a tract of five hundred acres of land in Radnor Township, Delaware County, plotted the same into lots, streets, etc., built certain residences thereon and pro-

ceeded to develop the town of Wayne. In so doing, they laid drains or sewers in the streets and sold lots in some instances expressly granting to the purchasers "the free use of the drainage system of Wayne with the right to connect with the same," but reserving the right to repair, renew or remove the same, also limiting the purchasers' rights to private sewage disposal except in sealed receptacles. The sewerage system as at first constructed was of the gravity type and discharged its contents into a piece of woodland, owned by Drexel and Childs. This proved inadequate and so unsanitary that in 1892 they changed the outlet by pumping the sewerage onto a hill where it filtered down through prepared cinder beds into a stream known as Ithan Creek. This was called the Waring system. Drexel died in 1893 and Childs in 1894, they having previously sold the five hundred acres of land. Many of the deeds therefor made no mention of the sewerage system, although the purchasers were suffered to connect therewith. In 1902, the representatives of the Drexel and Childs estates conveyed the sewerage system, including the land at the outlet thereof where the disposal plant was located, to George M. Bunting, without the knowledge or consent of the property owners. In 1903, Bunting transferred the sewerage property to the Wayne Sewerage Company, a corporation. In 1905, the commissioner of health of Pennsylvania, by authority vested in him, forbad the discharge of the sewage in Ithan Creek, except upon the construction of a disposal plant according to plans approved by him, which would render the sewerage innocuous. This the sewerage company did at an expense of $95,000 and has since operated the same at a substantial annual cost. The deed to Bunting and also that from him to the sewerage company were promptly recorded in Delaware County and there was no concealment or fraud in the transfers. Sometime after the construction of the disposal plant, last above mentioned, the sewerage company sent bills for service to all patrons,

including those granted free service in the deeds aforesaid, which the latter refused to pay. This was followed by litigation, payment under protest, etc., and in 1923, this bill in equity was filed by some twelve of the parties holding deeds granting the right of free use of the sewers, naming the representatives of the Drexel and Childs' estates, also George M. Bunting and the Wayne Sewerage Company, as defendants; setting out certain facts, with a prayer, inter alia, that the deeds to Bunting and from him to the sewerage company be decreed fraudulent and delivered up for cancellation, that all proceedings at law against plaintiffs for the collection of sewerage charges be restrained and that defendants be ordered to repay plaintiffs the amounts theretofore so collected or received from them. Bunting and the Wayne Sewerage Company demurred to the bill, and, thereupon it was dismissed as to them. The representatives of the Drexel and Childs' estates filed an answer, to which plaintiff entered a replication. The trial court heard the case upon the pleadings and a stipulation of counsel as to facts, made findings and legal conclusions, upon which in due course plaintiffs' bill was dismissed; thereupon they brought this appeal.

The decree was rightly entered. Plaintiffs averred no facts in support of their allegation of fraud in the transfer to Bunting or from him to the Wayne Sewerage Company. Neither in the deeds from Drexel and Childs, containing the grant of free use of the sewers, nor elsewhere, is there any provision restraining the grantors therein from disposing of the sewerage system, nor was there any provision requiring them to repair or change the same, although they reserved the right to do so. It follows, the transfer to Bunting was lawful and within the rights of the representatives of the Drexel and Childs estates. Furthermore, as plaintiffs made no effort to have those conveyances set aside for more than twenty years and meantime suffered the sewerage company to expend large sums of money in the reconstruc-

tion and maintenance of the system, it is now too late for them to question the transfers. Equity cannot help them after such long delay and changed conditions. See Kinter v. Commonwealth Tr. Co., 274 Pa. 436; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24; Kribbs v. Downing, 25 Pa. 399. Plaintiffs have never been deprived of the use of the sewers and we do not say the delay would deprive them of standing to contest their liability to pay therefor.

A complete answer to plaintiffs' bill, however, is the Public Service Commission Law of July 26, 1913, P. L. 1374, under which all sewerage corporations became public service companies and must make uniform rates to all and can grant free service to none, regardless of existing contracts to the contrary. Thus, in St. Clair Borough v. Tamaqua & P. E. Ry. Co., 259 Pa. 462, we held a contract, indefinite as to time, limiting the rate of fare, must give way to the rates as the Public Service Commission might adjust them. In Leiper v. Balt. & O. R. R. Co. et al., 262 Pa. 328, plaintiff, as consideration for a right of way through his property, was given a contract granting him a certain freight rate for an indefinite time. Thereafter, the Act of 1913 placed the question of rates in the hands of the Public Service Commission, which established a general freight rate higher than specified in Leiper's contract, and we held him liable for the general rate so established. In V. & S. Bottle Company v. Mountain Gas Company, 261 Pa. 523, we affirmed the trial court's decision that the contract giving plaintiff a preferential gas rate was rendered inoperative by the Public Service Commission Law of 1913. See also Duquesne Light Co. v. Pub. Ser-Comm., 273 Pa. 287; Lansdowne Boro. v. Pub. Ser. Comm., 74 Pa. Superior Ct. 203. A like rule prevails in the federal courts: Louisville & Nashville R. R. v. Mottley, 219 U. S. 467; United States v. Oklahoma Gas & Electric Co., 297 Fed. 575; Northern Pac. Ry. Co. v. St. Paul & Tacoma Lumber Co., 4 Fed. (2d series) 359. The

right to establish rates, etc., in such case is derived from the state's police power and can be exercised for the general good, even in disregard of private contracts, which are presumed to be made in recognition of this power.

Where, as here, the rate-fixing power has been lodged with a commission, it must first determine the reasonableness of rates before the courts will adjudge any phase of the controversy: St. Clair Borough v. Tamaqua & P. E. Ry. Co., supra, and other authorities. The case of sewer rates in Wayne was taken before the Public Service Commission and fully adjudicated (see Wayne Title & Trust Co. v. Wayne Sewerage Co., Public Utilities Reports 1919 D, Annotated, p. 404), where, in a comprehensive opinion by the chairman of the commission, it is held that, regardless of the provisions in some deeds for free sewerage service, every patron of the sewerage system must pay for the service, and that includes the present plaintiffs. The same conclusion is announced in Wayne Sewerage Co. v. Fronefield et al., 76 Pa. Superior Ct. 491, in an exhaustive opinion by Judge KELLER. No appeal was taken from either of the cases just cited.

There is nothing shown that gives color to the contention that a trust relation ever existed between plaintiffs and the defendants or any of them, or any of their predecessors. The record presents other interesting questions which, in view of our conclusions as above stated, it is not necessary to consider.

The decrees sustaining the demurrers and dismissing appellants' bill as to George M. Bunting and also as to the Wayne Sewerage Company are affirmed, as is also the final decree dismissing the bill as to the representatives of the Drexel and Childs' estates, and the appeal is dismissed at appellants' costs.