## Blythe Township Municipal Authority, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued September 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Donald D. Dolbin,* with him *Burke, Bowe, Dolbin & Heffner,* for appellant.

*Edward Munce,* Assistant Counsel, with him *Joseph I. Lewis,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Robert H. Young,* with him *Anson W. H. Taylor, Jr.,* and *Morgan, Lewis & Bockius,* for intervenor-appellee.

OPINION BY RHODES, P. J., November 15, 1962:

This is an appeal by the Municipal Authority of the Township of Blythe, hereinafter referred to as "Blythe,"

from the dismissal of its complaint in equity by the Court of Common Pleas of Dauphin County. The complaint was filed pursuant to the Act of May 28, 1937, P. L. 1053, Art. XI, §1111, 66 PS §1441, wherein Blythe sought to enjoin the Pennsylvania Public Utility Commission from exercising jurisdiction over rates or charges for water furnished to Blythe from the water system and Tumbling Run Reservoirs of the Borough of Schuylkill Haven, hereinafter referred to as "Borough."

Blythe contends that it is entitled to the water on terms fixed under grant or covenant in a deed from the Borough's predecessor in title, and that it does not come within the jurisdiction of the commission under the tariff for water service filed with the commission by the Borough. The same question as to commission jurisdiction was presented in *Blythe Township Municipal Authority v. Pennsylvania Public Utility Commission,* 191 Pa. Superior Ct. 542, 159 A. 2d 256. The facts forming the basis of the dispute as to commission jurisdiction are not controverted and are set forth in our opinion in that appeal. We there held that Blythe must pursue the statutory remedy by suit in the Court of Common Pleas of Dauphin County to question the jurisdiction of the commission; and we dismissed the appeal. The record in that appeal has been made a part of the record in the present appeal.

On February 4, 1959, Blythe filed the present complaint in equity in the Court of Common Pleas of Dauphin County seeking to enjoin the commission from asserting jurisdiction over the proposed tariff of the Borough. The matter was held in abeyance by the Court of Common Pleas of Dauphin County pending disposition of Blythe's appeal to this Court on the jurisdictional issue.

The Borough was allowed to intervene in the action in the Court of Common Pleas of Dauphin County

which heard argument by the parties, and, after considering the action on the same record utilized in the prior appeal, the court entered a decree nisi on December 5, 1960, which became final on May 4, 1961, dismissing the complaint after sustaining the jurisdiction of the commission in the matter.

On this appeal Blythe raises the single issue as to whether the commission has jurisdiction. Blythe contends that its right to water from the Tumbling Run Reservoirs is a property right, and that the Borough is not furnishing a service as a public utility at a rate subject to regulation by the commission.

On the record before it the Court of Common Pleas of Dauphin County correctly concluded that the water which Blythe received from the reservoirs under the covenant[1] in the deed amounted to the furnishing of a public utility service by the Borough, beyond its corporate limits; that the service and rate of payment were subject to commission jurisdiction and regulation under the Public Utility Law.

Under the Public Utility Law the commission is given jurisdiction over the rates charged by the municipal corporation for service beyond its corporate limit.[2]

Since the Borough admittedly delivers water to Blythe beyond the Borough's corporate limits, there

---

[1] The covenant in question refers to the compensation provided for therein as the "then existing rate."

[2] "Every rate made, demanded, or received by any public utility, or by any two or more public utilities jointly, shall be just and reasonable, and in conformity with regulations or orders of the commission: Provided, That only public utility service being furnished or rendered by a municipal corporation, or by the operating agencies of any municipal corporation, beyond its corporate limits, shall be subject to regulation and control by the commission as to rates, with the same force, and in like manner, as if such service were rendered by a public utility." Act of May 28, 1937, P. L. 1053, Art. III, §301, as amended, 66 PS §1141.

should be no question concerning the commission's jurisdiction. However, Blythe seeks to avoid the effect of this statutory provision by contending that no utility service or rate is involved in its relations with the Borough or that the commission's jurisdiction is divested because the charges for the service involved were initially fixed by a deed covenant. Neither of these arguments has merit.

The Borough clearly supplies a public utility service to Blythe, and its compensation is a rate. The Borough pumps, chlorinates, and transmits all water furnished to Blythe. To do so it provides the capital and pays the expense for the operation and maintenance of pumping and transmission facilities. The water from the Tumbling Run Reservoirs is pumped to the Borough's distribution system and then to Blythe, being metered at the Borough's pumping station in North Manheim Township, thence piped to Blythe's storage tank in the Borough of St. Clair through a transmission main owned by the Borough. Such activities are unquestionably "service" under the definition of that term set forth in the Public Utility Law.[3] Blythe argues that the Borough provided no public service, that Blythe takes the water as property belonging to it under the covenant in the deed, and that the annual fee is paid for pumping only. However, any such payments are still a rate. Under the Public Utility Law, "service" includes pumping, and any charge for pumping water is a "rate."[4] A rate is the consideration or

[3] " 'Service' is used in this act in its broadest and most inclusive sense, and includes any and all acts done, rendered, or performed, and any and all things furnished or supplied, and any and all facilities used, furnished, or supplied by public utilities, . . . in the performance of their duties under this act to their patrons, employes, other public utilities, and the public, . . ." Act of May 28, 1937, P. L. 1053, Art. I, §2, as amended, 66 PS §1102 (20).

[4] " 'Rate' means every . . . charge . . . or other compensation whatsoever of any public utility . . . received for any service with-

compensation for the services rendered. *Henshaw v. Fayette Gas Company*, 105 Pa. Superior Ct. 564, 568, 161 A. 896. It would therefore appear that under any name or form a charge for services is a "rate."

The principal argument of Blythe is that its rate for water furnished from the Tumbling Run Reservoirs to it is set forth in a covenant contained in a deed and that the commission has no jurisdiction to supplant the covenant with any other rate. This argument ignores many Pennsylvania cases holding that the Public Utility Commission has jurisdiction over the price charged for utility services regardless of whether that price has been established by a deed, a contract, ordinance, or otherwise.[5] These cases are based upon the proposition that individuals cannot, by contract, abridge the police powers of the Commonwealth which protect the general welfare and the public interest. This proposition is well stated in *Leiper v. Baltimore and Philadelphia Railroad Company*, 262 Pa. 328, 332, 105 A. 551, 553, wherein the Supreme Court said:

in this act, offered, rendered, or furnished by such public utility, . . . whether in currency, . . . in kind, in services or in any other medium or manner whatsoever, and whether received directly or indirectly, and any . . . contracts affecting any such compensation, . . ." Act of May 28, 1937, P. L. 1053, Art. I, §2, as amended, 66 PS §1102 (19).

[5] *Springfield Consolidated Water Company v. Philadelphia*, 285 Pa. 172, 174, 131 A. 716; *Beetem v. Carlisle Light, Heat and Power Company*, 273 Pa. 82, 84, 116 A. 676; *Scranton v. Public Service Commission*, 268 Pa. 192, 197, 110 A. 775; *Leiper v. Baltimore and Philadelphia Railroad Company*, 262 Pa. 328, 331-333, 105 A. 551; *Scranton Electric Company v. Avoca Borough School District*, 155 Pa. Superior Ct. 270, 274, 37 A. 2d 725; *Henshaw v. Fayette Gas Company*, 105 Pa. Superior Ct. 564, 567, 568, 161 A. 896; *White Haven v. Public Service Commission*, 80 Pa. Superior Ct. 536, 539; *Staples v. Public Service Commission*, 79 Pa. Superior Ct. 6, 11; *McKeesport v. Pittsburgh Railways Company*, 72 Pa. Superior Ct. 435, 436.

"Where the rights of individuals under a contract which would otherwise be perfectly valid are in conflict with the 'general well-being of the State,' the rights of the individuals must give way to the general welfare. It therefore follows that when, as in this case, the parties enter into a contract with a public service corporation relating to rates, they are presumed to do so with the knowledge that the right of the State to exercise this police power in the future is expressly reserved, and that where the common weal and the interests of the public demand that the provisions of the contract thus entered into shall be modified, it can be done without any violation of the provision of the Constitution of the United States with reference to the impairment of the obligation of contracts."

We have held this principle applicable in cases where the disputed rate is established by a deed covenant running with the land. *Dickson v. Drexel,* 285 Pa. 419, 424, 425, 132 A. 284; *Henshaw v. Fayette Gas Company,* supra, 105 Pa. Superior Ct. 564, 567, 568, 161 A. 896; *Wayne Sewerage Company v. Fronefield,* 76 Pa. Superior Ct. 491, 499.

Therefore, since the Borough is providing service to Blythe beyond the Borough's corporate limits, the charges made by the Borough for such service, whether contained in the Borough's tariff or in the deed contract, are clearly "rates" and within the jurisdiction of the commission.

Decree of the court below is affirmed; appellant to pay the costs.