# Panther Valley Water Company, Appellant, *v.* Public Service Commission.

*Corporations—Water companies—Rules and regulations — Cost of installing service pipe—Public Service Commission.*

The Public Service Commission has jurisdiction to pass upon the reasonableness of the rules of a water company regulating the conditions upon which service will be supplied to a customer.

A rule of a water company which requires the consumer to pay the cost of installing and maintaining the service pipe from the main to the curb line is an unreasonable rule and will not be upheld by the Public Service Commission.

The utility company, not the consumer, has the right to open and occupy the street. Pipes laid in the cartway should be the property of the utility that there might be no question as to the responsibility in case of lack of proper care and attention to such service lines. The mains are usually laid on one side of the cartway, and if the consumer was to pay for the service line from the main to the property line the consumer nearest the main would have a decided advantage as to a charge over the consumer on the opposite side of the street. Per KEPHART, J.

Argued Oct. 29, 1917. Appeal, No. 253, Oct. T., 1917, by Panther Valley Water Co., from order of Public Service Commission Complaint Docket No. 466, of 1915, sustaining complaint in case of Panther Valley Water Co. v. Public Service Commission and the Borough of Coaldale. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Complaint by the Borough of Coaldale against certain rules of the Panther Valley Water Company.

From the record it appeared that the case in its final aspect turned upon the reasonableness of the following rules:

"Rule III, paragraph 1. The owner, through a plumber, who shall have a permit issued by the company, is to lay the service pipe from the corporation cock to the building line, and under the supervision of the company, at the owner's expense, placing a 'T'-handled stopcock

with iron extension curb box and cover of approved pattern at the curb line.

"Paragraph 2. This service pipe and box shall be kept in good condition by the owner and in case of failure, by the company, at the owner's expense.

"Paragraph 9. When two or more buildings are supplied through a single service, any violation of the rules of the company with reference to either or any of said buildings shall be deemed a violation as to all, and the company may take such action as could be taken as to a single building."

These rules were declared unreasonable by the commission, for the reason that they cast the burden of paying for the individual service pipes, stopcock and connections upon the consumer, whereas this expense should be borne by the company appellant, on the ground that these connections constitute a part of appellant's facilities.

The commission entered the following order:

"Now, to wit: June 19, 1917, it is ordered, That the petition for a rehearing in this case be, and the same hereby is denied, and it is further ordered, That the effective date of the order of the commission of May 15, 1917, in the above entitled case be, and the same hereby is postponed until August 1, 1917, and it is further ordered, That the Panther Valley Water Company may file in lieu of Rule V, Paragraph 1, of its tariffs, found by the commission to be unreasonable, a supplement making effective August 1, 1917, the following rule regarding the domestic supply.

" 'A meter shall be installed whenever a consumer petitions the company for its installation, excepting that the company reserves the right to install a meter in any case without the consent of the consumer where there is a wastage or other excessive use of water. The cost of the installation to be paid by the company.' "

*Error assigned* was the order of the commission.

*George M. Roads,* with him *William J. Turner,* for appellant.—Appellant contends that the public is not concerned in the slightest way in the matter of whether the individual consumer pays, or does not pay, for his own service connections.

The exercise of the police powers of the State must be reasonable; not only must the end sought to be attained be within the scope of the power, but the means used must bear some fair relation to that end: Holden v. Hardy, 169 U. S. 366; Yick Wo. v. Hopkins, 118 U. S. 356; Lake Shore & Ms. Ry. Co. v. Ohio, 173 U. S. 285; Atlantic Coast Line R. R. Co. v. North Carolina Corporation Commission, 206 U. S. 1.

The service pipes and connections are not general facilities of the company: Leavenworth v. Leavenworth, Etc., Water Co. (Kan.) P. U. R. 1915, B. 611; Joplin v. Wheeler (Mo.), 158 S. W. Rep. 924; Fisher v. St. Joseph Water Co., 151 Mo. App. 530; Warren v. City of Chicago, 11 N. E. Rep. 218.

*B. J. Duffy,* for Coaldale Borough, Intervenor.—The Public Service Commission has jurisdiction to determine and pass upon the rules and regulations of public utilities: Rochester B. & L. Assn. v. Beaver Valley Water Co., 68 Pa. Superior Ct. 122.

An order compelling a water company to lay and maintain at its own expense the service pipe extending from the company's water main to the property line of the consumer, the connections and the stopcock, etc., arbitrary is not illegal and void: Janesville v. Janesville Water Co., 7 Wis. R. C. R. 628; Pine Bluff Corporation v. Toney, 96 Ark. 345; Hatch v. Consumers' Water Co., 17 Idaho 204.

The courts, with substantial unanimity, have reached the same conclusion: Spring Valley Water Works v. San Francisco, 82 Cal. 286, 22 Pac. 910; Title Guarantee & 'T. Co. v. R. R. Com., 168 Cal. 295, 142 Pac. 878; City of Montgomery v. McDade, 180 Ala. 156, 60 So. 798; Cleveland v. Malden Water Works Co., 125 Pac. 769.

*Berne H. Evans,* for Public Service Commission.— Where water service is furnished by a private company under a franchise granted by the municipality, the general rule is that it is the duty of the water company to lay service pipes or laterals without charge to the consumer: Pocatello Water Co. v. Standley, 7 Idaho 155, 61 Pac. 518; Bothwell v. Consumers' Co., 13 Idaho 568, 92 Pac. 533; Match v. Consumers' Co., 17 Idaho 204.

OPINION BY KEPHART, J., July 10, 1918:

Counsel for the Public Service Commission states the questions involved (1) "Is the decision of the commission that rules are unreasonable which require the consumer to pay the cost of installing and maintaining the service pipe from the main to the curb line made in conformity with law?" (2) "Has the Public Service Commission authority to pass upon the reasonableness of the rules of a water company regulating the conditions upon which service will be supplied to a consumer?" The last question is answered by the decision of this court in the case of Rochester B. & L. A. v. Beaver V. W. Co., 68 Pa. Superior Ct. 122, in which case this court said: "The complaint was as to the unreasonableness of a rule or regulation. Section 1, Article II, (d), requires all rules and regulations that in any manner affect the prices, charges, rates, fares, tolls, or other compensation, to be posted along with the tariffs and schedules. These rules and regulations are, therefore, as much a part of the tariffs and schedules as the prices that are embodied therein. To shut off the water to enforce the payment of a bill, and demand payment of a delinquent bill from a successor in title without a rule or regulation, may be a direct violation of the act. Section 33 directs what procedure the commission may take in such cases......We hold that the matter in controversy concerns the reasonableness of an effective rule or regulation of a public service company. Such matters are purely matters for the Public Service Commission." Commissions of a large

number of states have passed upon the reasonableness of rules such as we are now considering. The acts of assembly there governing being similar to our public service act. Inasmuch as the regulation of public service companies has been held to be within the control of the legislature, that control would seem to include the reasonableness of rules which directly affect the rates and service of the consumers. Though but one service may be involved, the question is of public interest. It relates to the public at large, and different rules may be promulgated for different communities as their interests may require. The supervision of such rules does not interfere with or take away any charter right the company may have to enter into any contracts necessary to the transaction of its ordinary affairs.

The utility company, not the consumer, has the right to open and occupy the street. Pipes laid in the cartway should be the property of the utility that there might be no question as to the responsibility in case of lack of proper care and attention to such service lines. The mains are usually laid on one side of the cartway, and if the consumer was to pay for the service line from the main to the property line the consumer nearest the main would have a decided advantage as to a charge over the consumer on the opposite side of the street. The question has been discussed at length in a number of cases. They have uniformly held that service pipes from the main to the curb line should be installed by the company: City of Janesville v. Janesville Water Company, 7 Wis. R. C. R. 628; Consumers' Co. v. Hatch, 224 U. S. 148. The Board of Public Utility Commissioners of New Jersey, in 1917, after a very general hearing at which practically all of the water companies of the State were represented, in making a similar decision said: "The representatives of the utilities of this State appear unanimous in the conclusion that after it is installed, the service should be under the control of the utility and that it should be charged with the duty of maintaining and when neces-

sary, of replacing it......It would appear from these lines of reasoning that the utilities recognized generally the desirability, if not the necessity, of the service being under the control of the utility with respect to its original installation and maintenance in order that proper service may be assured.  There can be no question of the desirability of the utility's control in these matters.  Conditions that have arisen by reason of improper services have been repeatedly brought to our attention by complaints of consumers.  Conflicts arise as to the responsibility for inadequate service where the consumer installs the service and the company disclaims responsibility therefor.  This would all be obviated if the utility, which is the only one having the privilege of using public highways for the purpose, installs the line......"

We understand from the questions involved that the order to modify, as made by the commission, is in line with the statement here made.

The order of the commission is sustained at the cost of the appellant.