# McKeesport, Appellant, v. Pittsburgh Railways Company.

*Public service corporations—Street railways—Operation under municipal consent—Rates—Constitutional law.*

Where a contract fixing a rate has been entered 'into by a public service company with a borough, the State has the right, through the Public Service Commission, to inquire into and adjust the rate to a reasonable basis, notwithstanding the fact that the contract is in the form of an ordinance enacted under the provisions of Section 9, of Article XVII, giving consent to the entry of the railway company upon the streets of the municipality, and containing a limitation of the maximum fare to be charged by the company.

*Public service corporations—Equity—Bill in equity—Jurisdiction, C. P.*

A bill in equity, brought by a borough against a street railway company, to restrain the defendant from charging more than a certain fare, on the ground that the proposed increase of fare was illegal because a contract existed with the borough, under which the defendant was prohibited from charging a higher rate, was properly dismissed, where it appeared that the Public Service Commission had jurisdiction in the matters involved in the bill.

Argued Dec. 4, 1918.    Appeal, No. 65, April T., 1919, by the City of McKeesport, from decree of C. P. Allegheny Co., April T., 1918, No. 234, in Equity, in case of the City of McKeesport, a Municipal Corporation, v. The Pittsburgh Railways Company, a Corporation, Owner, Lessee, Assignee and Operator of the McKeesport Passenger Railway Company, United Traction Company, McKeesport and Reynoldton Passenger Railway Company, and The Dravosburg, Reynoldton & McKeesport Passenger Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity to restrain defendants from charging more than a five cent fare. Before SHAFER, P. J.

The facts appear in the opinion of the Superior Court. The lower court dismissed the bill. Plaintiff appealed.

436 McKEESPORT, Appel., *v.* PITTSBURGH RYS. CO.

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.

*Brown, Stewart & Bostwick, Sterrett & Acheson* and *John D. Meyer,* for appellants.

*Reed, Smith, Shaw & Beal, A. W. Robertson* and *John C. Bane,* for appellees.

OPINION BY TREXLER, J., July 17, 1919:

The question arises under a bill for an injunction to prevent the Pittsburgh Railways Company from charging a greater rate of fare than five cents on cars running through the borough and from the borough to the City of Pittsburgh, upon the allegation that the consent of the borough to the construction of the road was given upon the express condition that the rate of fare should not be more than five cents. The lower court, upon demurrer, dismissed the bill at the cost of the plaintiff, the reason assigned being that the court had no jurisdiction in the premises but that the whole question as to whether the rates could be raised by permission of the Public Service Commission without the consent of the borough must come before the courts upon an appeal from the action of that commission. See St. Clair Boro. v. Tamaqua & Pottsville Elec. Ry. Co., 259 Pa. 462.

We have in an opinion, this day filed in No. 71, April Term, 1919, held that a proviso limiting fares in an ordinance giving consent to the entry of a street railway company upon the streets of a municipality does not preclude the Public Service Commission from passing upon the reasonableness of such fare. Whether the lower court was right in taking the view that it had no jurisdiction need not be now considered. If we are correct in the view taken in No. 71, April Term, 1919, even if the court had jurisdiction, the same result would follow and the bill be dismissed.

The decree of the Court of Common Pleas of Allegheny County is affirmed. Appellant for costs.

PORTER and HENDERSON, JJ., concur in the judgment.